UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

CASE NO.: 6:25-cv-00532-JSS-LHP

RICHARD KANE, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.
_____/

## **GEICO GENERAL INSURANCE COMPANY'S MOTION TO DISMISS**

Plaintiff Richard Kane's challenge to GEICO General Insurance Company's ("GEICO") lawful, contractually permissible practice for managing his automobile insurance policy fails on its face. Kane objects to GEICO's adjustment of his policy premiums after GEICO identified previously unknown driving-age individuals at Kane's address. Kane admits that GEICO notified him that these individuals would be added to his policy as additional drivers unless he contacted GEICO within 15 days to explain why they should not be added. By failing to do so, Kane effectively consented to the policy adjustments and resulting change in his premium. Yet he now seeks to transform an unremarkable administrative procedure—one that GEICO disclosed and applied transparently and in accordance with the policy's express terms—into a basis for legal action.

Kane attempts to assert four causes of action against GEICO: breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), unjust enrichment (Count III), and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count IV). Each claim fails as a matter of law, and the Complaint should be dismissed with prejudice.[1]

## BACKGROUND

Kane has an auto insurance policy with GEICO. Compl. ¶ 1. Section V(4) of that policy states that GEICO may make changes that might affect Kane's premiums:

> The premium for each auto is based on the information we have in *your* file. *You* agree:
> a. That we may adjust *your* policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed.
> b. That *you* will cooperate with us in determining if this information is correct and complete.
> c. That *you* will notify us of any changes in this information.
> Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your* state.

Compl. Ex. 1 at 35.[2]

GEICO sent Kane a letter pursuant to that contract provision on February 21, 2024, stating that a person named Carter Riddle had been identified—through

---

[1] Dismissal with prejudice is appropriate where amendment would be futile, *i.e.*, where it is "apparent on the face of the pleadings that no combination of facts and legal standards would allow recovery." *Griffin v. City of Sweetwater Police Dep't.*, 319 So. 3d 89, 92 (Fla. 3d DCA 2021).

[2] "Documents attached to the complaint may be considered as part of the pleadings in ruling on a motion to dismiss." *Mathieson v. Wells Fargo Bank, NA as Tr. for Pooling & Servicing Agreement Dated as of June 1, 2006 Securitized Asset Backed Receivables LLC Tr. 2006-FR2 Mortg. Pass-Through Certificates, Series 2006-FR2*, 524 F. Supp. 3d 1246, 1252 (M.D. Fla. 2021).

information obtained from a consumer reporting agency—as potentially residing at Kane's address.[3] *See* Compl. ¶ 11. The Riddle Notice stated in relevant part:

> We are reaching out to you based on information obtained from a consumer reporting agency. It appears that CARTER K RIDDLE may be a licensed or permitted driver with your address listed as their primary address.
>
> In order to ensure proper protection, this driver must be added to your policy if they use or have ownership in your vehicle(s) and do not carry their own insurance.
>
> . . .
>
> If CARTER is insured elsewhere and should not be listed on your policy, please contact us at the number below with the name of the insurer and the policy number. Otherwise, if CARTER does not have any ownership in your vehicle(s) and does not use your vehicles(s), simply provide us with this information, along with your relationship to CARTER.
>
> Please note that CARTER will be automatically added to your policy as a driver, if no action is taken within 15 days.

Ex. A; *see also* Compl. ¶¶ 11-14. Kane alleges that he "did not (and does not) know any individuals named Carter Kenneth Riddle, and no one by that name resides at

---

[3] This notice—hereinafter the "Riddle Notice"—is attached hereto as Exhibit "A."

This Court may consider the Riddle Notice without converting this motion into a motion for summary judgment because the Riddle Notice is incorporated by reference in the Complaint, is central to Kane's claims, and its authenticity is not challenged. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1285 (11th Cir. 2007) (considering document attached to motion to dismiss because it was referenced in the plaintiff's complaint, central to the plaintiff's claim, and its authenticity was not challenged); *One Call Prop. Servs. Inc. v. Sec. First Ins. Co.*, 165 So. 3d 749, 752 n.1 (Fla. 4th DCA 2015) (stating that document was "incorporated by reference in the complaint, so the trial court was permitted to consider it in ruling on the legal issue that formed the basis for the dismissal"); *see also* Compl. ¶ 11.

[his] residence." Compl. ¶ 13. Yet Kane does not allege that he responded to the Riddle Notice within 15 days (or otherwise) to inform GEICO that he disputed the information GEICO had obtained about Riddle from a consumer reporting agency. *See id.* ¶¶ 11-16 (containing the entirety of Kane's allegations about the Riddle Notice). Accordingly, GEICO adjusted Kane's policy on March 7, 2024, to include Riddle as an additional driver, resulting in a change to the premium. *Id.* ¶¶ 15-16.

GEICO sent a similar notice regarding another individual, Angelina Marchand, on September 16, 2024.[4] *See id.* ¶ 17. Like the Riddle Notice, the Marchand Notice explained that GEICO had identified information from a consumer reporting agency indicating that Marchand was a driver sharing Kane's address who must be added to the policy if she was a relative in Kane's household or otherwise used his car and did not carry her own insurance. Ex. B. Also like the Riddle Notice, the Marchand Notice said that GEICO would add Marchand to Kane's policy automatically if he did not act within 15 days. *Id.*; *see also* Compl. ¶¶ 17-18. As with the Riddle Notice, Kane pleads that he "did not (and does not) know any individuals named Angelina Marchand, and no one by that name resides at [his] address" but does not allege that he responded to the Marchand Notice within 15 days (or otherwise). Compl. ¶ 18.

---

[4] This notice—hereinafter the "Marchand Notice"—is attached hereto as Exhibit "B." The Court may consider the Marchand Notice at the motion to dismiss stage because, as with the Riddle Notice, it is incorporated by reference in the Complaint, it is central to Kane's claims, and its authenticity is not challenged. *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d at 1285.

Kane paid and "continues to pay" the increased premium payments after the additions of both Riddle and Marchand to his policy. *Id.* ¶¶ 16, 23.

## DISCUSSION

To survive a motion to dismiss under Federal Rule 12(b)(6), the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (quoting *Twombly*, 550 U.S. at 555).

### I. **Kane's breach of contract claim fails because he did not and cannot identify a specific policy provision GEICO breached.**

Kane's breach of contract claim (Count I) is fundamentally flawed and should be dismissed. To state a claim for breach of contract under Florida law, a plaintiff must allege: (1) the existence of a valid contract; (2) a material breach of such contract; and (3) damages resulting from such breach. *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). Moreover, it is well-established that, to survive a motion

to dismiss, a breach of contract claim must identify the specific provision(s) of the contract that have allegedly been breached. *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So. 2d 1232, 1236 (Fla. 4th DCA 2001) (dismissing complaint with prejudice because plaintiff failed to "identify any specific provision of the Contract that was breached"). For that reason, "[i]t is appropriate to dismiss a breach of contract claim if it fails to state which provision of the contract was breached." *Cruz v. Underwriters at Lloyd's London*, 2014 WL 3809179, at *2 (M.D. Fla. Aug. 1, 2014).[5] In *Cruz*, the plaintiffs did not identify a particular contractual provision that had been violated, but instead made a broad claim that the insurer "breached the [p]olicy by failing to . . . pay . . . the benefits due and owing under the [p]olicy." *Id.* The court found that the plaintiffs had not sufficiently pled their claim and dismissed it. *Id.*

Like the plaintiffs in *Cruz*, Kane does not identify any provision of his policy that GEICO allegedly breached. Indeed, he does not identify any specific policy terms

---

[5] *See also Wohl Built, Inc. v. Maxum Indem. Co.*, 2017 WL 10410373, at *2 (S.D. Fla. Dec. 21, 2017) (dismissing breach of contract claim because plaintiff did not "point to a specific provision" of the insurance policy that defendant breached, which rendered the claim "more akin to a '[t]hreadbare recital[ ] of the elements' of breach of contract than a plausibly-pled claim" and "insufficient to survive a motion to dismiss") (quoting *Iqbal*, 556 U.S. at 678); *Steadfast Ins. Co. v. Progressive Cas. Ins. Co.*, 2017 WL 10434413, at *4 (M.D. Fla. July 24, 2017) (dismissing breach of contract claim because plaintiff "fail[ed] to identify or otherwise provide the actual policy language"); *Pierce v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 17, 2014) (holding that plaintiff "failed to state a claim for breach of contract" because plaintiff "failed to identify which specific provision of the contract was allegedly breached"); *Whitney Nat. Bank v. SDC Cmtys., Inc.*, 2010 WL 1270264, at *3 (M.D. Fla. Apr. 1, 2010) (dismissing breach of contract claims because the plaintiffs failed to "allege the specific provision of the contract allegedly breached," and thus the claims were "examples of 'the-defendant-unlawfully-harmed-me' accusation that *Iqbal* warned against" (quoting *Iqbal*, 556 U.S at 678)).

at all. The full extent of his engagement with the policy language and provisions is to assert that "[n]othing in Plaintiff and the Classes' insurance policy allows Geico to add individuals to the policies to increase payments," Compl. ¶ 35 (including a citation to "*See* Exhibit A"), and that "Geico breached the contract by wrongfully adding strangers to Plaintiff's and the Classes' insurance policies," *id.* ¶ 36. These vague, generalized statements do not meet the pleading requirements set forth in *Iqbal* and *Twombly* and, therefore, require dismissal of Kane's breach of contract claim.

Furthermore, Kane cannot plausibly identify any provision that GEICO allegedly breached because the policy expressly permits the conduct at issue. The policy unambiguously states that GEICO **"may adjust your policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed,"** and further requires that the insured **"will cooperate with [GEICO] in determining if this information is correct and complete."** Compl. Ex. 1 at 35 (emphasis added). Kane cannot plausibly allege that GEICO's adjustments to his policy were inconsistent with this provision.

To the contrary, the Complaint and the documents on which it relies and incorporates by reference show that GEICO: (1) provided advance notice to Kane that it had identified additional drivers associated with his address; (2) noted the basis for GEICO's action (*i.e.*, data obtained from a consumer reporting agency); (3) explained that drivers in Kane's household or with access to his GEICO-insured vehicle would need to be added to his policy; (4) told Kane that it would add those

DUANE MORRIS LLP
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

drivers to his policy automatically if he did not take action within 15 days; and (5) added those drivers when Kane did not do so. *See* Exs. A, B; Compl. ¶¶ 11-18. GEICO's actions were transparent, reasonable, and entirely consistent with its rights (and Kane's obligations) under Section V(4) of the policy. Kane does not and cannot identify any provision of the policy inconsistent with GEICO's actions.

To hold otherwise would render Section V(4) effectively meaningless. Florida law makes clear that "[e]very provision in a contract should be given meaning and effect." *W. Wyvern Cap. Invs. LLC v. Bank of Am., N.A.*, 2024 WL 3090674, at *7 (M.D. Fla. June 20, 2024) (quoting *U.S.B. Acquisition Co. v. Stamm*, 660 So. 2d 1075, 1080 (Fla. 4th DCA 1995)). Kane's theory, if accepted, would violate this principle by making it impossible for GEICO to take reasonable steps to maintain the accuracy of its coverage in consultation with its insured.

Because GEICO's actions were consistent with a clear, contractual right and violated no language in the policy, Kane's breach of contract claim fails, and Count I should be dismissed.

## II. Kane's breach of the implied covenant of good faith and fair dealing claim is legally deficient and redundant of his breach of contract claim.

Count II fails to state a claim for breach of the implied covenant of good faith and fair dealing. Under Florida law, "a cause of action for breach of the implied covenant cannot be maintained (a) in derogation of the express terms of the underlying contract or (b) in the absence of breach of an express term of the underlying contract." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1318 (11th Cir.

1999) (applying Florida law); *see also Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So. 2d 787, 791–92 (Fla. 2d DCA 2005). "To allege a breach of the implied covenant, the party must demonstrate a failure or refusal to discharge contractual responsibilities . . . by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000). Kane's claim fails on all fronts.

First, Count II is wholly duplicative of Count I. Both claims are based on the same conduct: GEICO's adjustment of Kane's premiums following its identification of additional drivers associated with his address. Numerous courts have dismissed implied covenant claims that merely restate a breach of contract theory. *See, e.g.*, *id.* ("[A] breach of the implied duty may be dismissed as redundant where the conduct allegedly violating the implied covenant is duplicative of the companion cause of action alleging breach of contract."); *Amica Mut. Ins. Co. v. Morowitz*, 613 F. Supp. 2d 1358, 1362 (S.D. Fla. 2009) (dismissing with prejudice breach of the implied duty of good faith and fair dealing counterclaim because it was "redundant" of that alleged in the breach of contract counterclaim); *Trief v. Am. Gen. Life Ins. Co.*, 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006) (granting defendant's motion to dismiss because the allegations in the breach of the implied duty of good faith and fair dealing count were "duplicative" of the allegations in the breach of contract count).

Second, as discussed above, the conduct Kane challenges is expressly permitted by the policy. The policy authorizes GEICO to "adjust your policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed" and requires the insured to "cooperate with [GEICO] in determining if this information is correct and complete." Compl. Ex. 1 at 35. Kane does not plausibly allege that GEICO acted outside the scope of this provision. To the contrary, the Complaint confirms that GEICO notified Kane of the proposed changes and provided him an opportunity to respond—only adjusting the policy after receiving no objection. Compl. ¶¶ 11, 17; *see also* Exs. A, B. An insurer does not breach the implied covenant where, as here, there is no breach of the contract's express terms. *See Burger King Corp.*, 169 F.3d at 1318 ("Under Florida law, Weaver's failure to identify an express contractual provision that has been breached dooms his claim for breach of the implied covenant of good faith and fair dealing.").

Finally, the Complaint is devoid of well-pled facts to support its conclusory allegation that GEICO engaged in a deliberate act that unfairly frustrated the policy's common purpose or deprived Kane of its benefits. *See Shibata*, 133 F. Supp. 2d at 1321 (holding that plaintiff's "allegations are not sufficient to state any cause of action for a breach of the implied covenant of good faith and fair dealing" because he "had[] not pled a basis for a recovery of anything other than ordinary contract damages"). Although Kane asserts that GEICO "consciously and deliberately" added "strangers" to his policy in a way that frustrated his expectations, Compl. ¶¶ 41–42, he alleges no

facts showing that GEICO acted outside its contractual authority or in bad faith. There is no plausible allegation of bad faith, deception, or any conduct beyond the scope of the policy's express provisions. *See id.* To the contrary, the Complaint and its exhibits confirm that GEICO followed the policy's clear procedures for adjusting premiums based on updated information that it received. Compl. Ex. 1 at 35. Further, GEICO provided Kane with notice of the proposed changes and requested that he provide GEICO with relevant information should the individuals not be included in the policy. Exs. A, B.

Because Count II duplicates a legally deficient contract claim, conflicts with the policy's express language, and lacks any well-pled allegation of bad faith or deliberate misconduct, it should be dismissed.

### III. **Kane's unjust enrichment claim is barred by the existence of an express contract covering the same subject matter.**

Kane cannot maintain Count III, a claim for unjust enrichment. "The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. 3d DCA 2009). "It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter." *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1322 (S.D. Fla. 2014) (quoting *Kovtan v. Frederiksen,* 449

So. 2d 1, 1 (Fla. 2d DCA 1984)); *see also Fulton v. Brancato*, 189 So. 3d 967, 969 (Fla. 4th DCA 2016). Moreover, a claim for unjust enrichment may only be pled in the alternative where the plaintiff alleges that the contract underlying the parties' dispute is invalid. *Degutis v. Fin. Freedom, LLC*, 978 F. Supp. 2d 1243, 1266 (M.D. Fla. 2013).

Here, the Complaint affirmatively alleges the existence of an enforceable insurance contract, and the unjust enrichment claim simply repackages the same allegations underlying the breach of contract claim. Indeed, Count III "repeats and realleges all preceding paragraphs," incorporating every allegation about the policy and GEICO's alleged breach.[6] Compl. ¶ 48. Florida federal courts routinely reject unjust enrichment claims under these circumstances. *See Alhassid*, 60 F. Supp. 3d at 1323 (dismissing unjust enrichment claim because a contract, which the parties were not disputing, governed the subject matter of the dispute); *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010) (dismissing the plaintiffs' unjust enrichment claim with prejudice because the "parties do not dispute the existence of an express contract governing their insurance policy agreement, so the equitable remedy of unjust enrichment is not available"). Because the parties do not dispute the

---

[6] Kane's Complaint is a quintessential "shotgun pleading" that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). **This alone is grounds for dismissal of the Complaint.** *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have condemned shotgun pleadings time and again, and . . . have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.").

DUANE MORRIS LLP
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

existence or applicability of the policy, an unjust enrichment claim is legally untenable and should be dismissed.

### IV. Kane's FDUTPA claim fails because GEICO's conduct was neither deceptive nor unfair.

Count IV should be dismissed because Kane fails to allege a plausible violation of the FDUTPA. To state a valid claim under the FDUTPA, Kane must demonstrate that GEICO's conduct was either "deceptive" or "unfair" and that he suffered actual injury as a result. Fla. Stat. § 501.202; *Macias v. HBC of Fla., Inc.*, 694 So. 2d 88, 90 (Fla. 3d DCA 1997); *Hill Dermaceuticals, Inc. v. Anthem, Inc.*, 228 F. Supp. 3d 1292, 1302 (M.D. Fla. 2017). A "deceptive" practice "is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment," while an "unfair" practice "is one which causes substantial injury to a consumer which the consumer could not have reasonably avoided and which is not outweighed by countervailing benefits to the consumer or to competition." *Hill Dermaceuticals*, 228 F. Supp. 3d at 1302 (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)). Kane cannot meet either standard.

GEICO's conduct was not unfair. The policy explicitly authorizes GEICO to adjust premiums when information is "incorrect, incomplete, or changed," and obligates the insured to cooperate in verifying that information. GEICO's adjustment of premiums—based on consumer reporting data and undertaken only after providing advance notice and an opportunity to contest the proposed modification—was a transparent exercise of a contractual right, not an unfair business practice. The only

13
**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

unfairness lies in the implications of Kane's argument. It would prevent insurers from acting on information from reputable third-party sources unless the insured affirmatively responds. That approach would reward silence, enable gamesmanship, and deprive insurers of the ability to enforce policy terms in a fair and efficient manner.

Moreover, the alleged injury, an increase in Kane's premiums, was not one that Kane "could not have reasonably avoided." To the contrary, GEICO's notices to Kane made clear that he simply needed to contact GEICO within 15 days to avoid the automatic addition of Riddle and Marchand to his policy if they did not belong there. His failure to do so does not render GEICO's conduct unfair.

Nor was GEICO's conduct deceptive. By contrast, GEICO told Kane exactly what it was doing, why it was doing it, how he could raise an objection if he had one, and provided a reasonable timeline to do so. *See* Compl. ¶¶ 11, 17; Exs. A, B. Nothing about GEICO's actions was concealed from Kane, and nothing GEICO did was "likely to mislead [Kane] acting reasonably in the circumstances."

GEICO's notice to Kane precludes him from demonstrating that he was actually aggrieved by GEICO's additions of Riddle and Marchand to his policy. *See Bertolotti v. A&l Int'l Motor Corp.*, 2016 WL 6804624, at *3 (S.D. Fla. Nov. 17, 2016) (rejecting plaintiff's FDUTPA claim on a motion to dismiss where the defendant provided "actual notice" of the allegedly misleading conduct, holding that such notice foreclosed any plausible claim of deception because it precluded plaintiff from

DUANE MORRIS LLP
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

showing that he was "actually aggrieved by an unfair or deceptive act"); *cf. Nationwide Mut. Fire Ins. Co. v. Royall*, 588 F. Supp. 2d 1306, 1318 (M.D. Fla. 2008) (ruling that insurer could treat insured's silence as acceptance where the insurer expressly gave the insured "a specific, reasonable time *(e.g., fifteen days)*" in which to act) (emphasis added). That Kane failed to respond within the requested 15-day timeline does not convert this into an actionable violation of the FDUTPA.

Nothing in the Complaint alleges that GEICO misled Kane, concealed material facts, or acted in bad faith. At bottom, this is a failed contract claim dressed in consumer protection language. However, the FDUTPA is not a vehicle to rewrite policy terms or penalize an insurer for exercising rights clearly granted under a contract. Plaintiff cannot convert a lawful contractual adjustment into an actionable statutory violation. As courts have made clear, not every contractual disagreement gives rise to a statutory violation. *Rebman v. Follett Higher Educ. Grp., Inc.*, 575 F. Supp. 2d 1272, 1279 (M.D. Fla. 2008) ("[C]onvert[ing] every breach of contract or breach of lease case into a claim under the [FDUTPA] . . . would be precluded by the FDUTPA, which only reaches conduct that is unfair or deceptive as judged by controlling case law.") (quoting *PNR*, 842 So. 2d at 777 n.2). Accordingly, Count IV should be dismissed.

V. **Kane's claims are barred by the voluntary payment doctrine because he paid the premiums with full knowledge.**

Kane's claims are further barred by the voluntary payment doctrine. Under Florida law, when a party makes a payment under a claim of right to the payment,

with knowledge of the circumstances at the time, such payment is deemed voluntary and cannot be later challenged as unjust. *Hassen v. Mediaone of Greater Fla., Inc.*, 751 So. 2d 1289, 1290 (Fla. 1st DCA 2000) (affirming dismissal of appellant's complaint under voluntary payment doctrine because appellants made payment "with knowledge of the factual circumstances"); *Sanchez v. Time Warner, Inc.*, 1998 WL 834345, at *2–*3 (M.D. Fla. Nov. 4, 1998) (applying Florida law and granting motion to dismiss claims "for recovery of fees paid . . . because they are barred by the voluntary payment doctrine"); *McDermott v. L.A. Fitness Int'l, LLC*, 2012 WL 13098143, at *5 (M.D. Fla. Mar. 21, 2012) ("[T]he voluntary payment doctrine is properly considered on a motion to dismiss if it is evident from the complaint that the payment was made by the plaintiff voluntarily and with knowledge of the facts.").

Kane says clearly in his Complaint that he made payments under the policy **after** receiving notices about the additional drivers and the resulting adjustment to his premiums if he did not respond. Compl. ¶¶ 16, 23. By failing to object to or dispute these changes "at the threshold," he voluntarily accepted the increased premiums. *See Sanchez*, 1998 WL 834345 at *2 (internal quotation omitted). The voluntary payment doctrine bars Kane from now claiming that these payments were unjust or are subject to restitution. *See id.* ("[M]oney voluntarily paid under a claim of right to the payment, and with knowledge of the facts by the person making the payment, cannot be recovered back, . . . . [I]f a party would resist an unjust demand, he must do so at the threshold, and such resistance should precede payment.") (internal quotation

DUANE MORRIS LLP
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

omitted). If Kane truly believed the premium adjustments were unjust, he should have immediately contested the proposed additions, not silently made the payments and later sought to recover them.[7] Thus, Kane's claims fail as a matter of law and this Court should dismiss the Complaint with prejudice.

**CONCLUSION**

**WHEREFORE**, Defendant GEICO General Insurance Company respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff Richard Kane's Complaint and provide such other and further relief as the Court deems just, fair, and proper.

Respectfully submitted this 22nd day of May, 2025.

/s/ *Harvey W. Gurland, Jr.*
Harvey W. Gurland, Jr., Esq.
LEAD COUNSEL
Florida Bar No. 284033
Elisabeth L. Rabin, Esq.
Florida Bar No. 1025636
DUANE MORRIS LLP
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 305.960.2200
hwgurland@duanemorris.com
erabin@duanemorris.com
pnmendoza@duanemorris.com
mlcordova@duanemorris.com

*Counsel for Defendant*

---

[7] Kane was under no obligation to pay the adjusted premium or dispute it; he could have canceled the policy at any time for a pro rata refund.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via CM/ECF on May 22, 2025, and that a courtesy copy was served upon all counsel of record, via the Court's generated email notification system.

*/s/ Harvey W. Gurland, Jr.*
Harvey W. Gurland, Jr., Esq.
