## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Orlando Division

CASE NO.: 6:25-cv-00532-JSS-LHP

RICHARD KANE, on behalf of
himself and all others similarly
situated,

     Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

     Defendant.

_____/

## GEICO GENERAL INSURANCE COMPANY'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS

The Court should stay discovery in this purported class action pending resolution of GEICO General Insurance Company's ("GEICO") Motion to Dismiss (Dkt. No. 14) because a "preliminary peek" at the motion shows that it raises substantial legal challenges to Plaintiff Richard Kane's Complaint (Dkt. No. 1) that are likely to be case dispositive. Courts may stay discovery under these circumstances to conserve resources and avoid unnecessary burden. That necessity is only heightened here, where Kane seeks to represent a nationwide class and will undoubtedly seek expansive discovery concerning policyholders throughout the United States. The result would be extraordinarily costly and time-consuming in a case where a meritorious dispositive motion has been filed that, if granted, would

totally eliminate the need for discovery. Discovery should not proceed unless and until the Court determines that Kane's claims can survive the pleadings stage to promote overall efficiency and judicial economy by ensuring that the parties and this Court avoid unnecessary expenditures of time, effort, and resources.

## BACKGROUND

Kane filed this action on March 26, 2025, asserting causes of action for breach of contract (Count I), breach of the implied duty of good faith and fair dealing (Count II), unjust enrichment (Count III), and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count IV). Compl. ¶¶ 32–66, Dkt. No. 1. Kane claims that GEICO wrongly added drivers he did not know to his insurance policy based on information obtained from a consumer reporting agency showing them living at his address. *Id.* ¶¶ 12–18. GEICO's notices told Kane that it would add the drivers automatically if he did not act within fifteen days, which he did not do. *Id.* ¶ 14. Kane cites no provision of his insurance policy that GEICO's action supposedly breached. The policy in fact specifically states that GEICO may adjust policy premiums if information on which the premium was based is incorrect, incomplete, or changed, and that policyholders must cooperate with GEICO in ensuring the correctness and completeness of that information. Compl. Ex. 1 at 35, Dkt. No. 1-1. Nevertheless, Kane seeks to establish a nationwide class of "[a]ll insureds in the United States whom Geico sent a notice automatically adding a driver based on information obtained from a consumer reporting agency and who paid an increased

premium after the driver was added by Geico without any action taken by the insured," as well as a Florida subclass.[1] Compl. ¶ 25, Dkt. No. 1.

GEICO timely filed a Motion to Dismiss each of the claims under Rule 12(b)(6) for failure to state a claim for which relief can be granted. Def's Mot. Dismiss, Dkt. No. 14. Additionally, GEICO argued that Kane's claims are precluded under the "Voluntary Payment Doctrine." *Id.* at 15–17. GEICO's Motion to Dismiss is currently pending before the Court and would, if granted, fully dispose of this case.

## DISCUSSION

District courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling," *Johnson v. Bd. of Regents & Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001), which encompasses broad authority to grant a stay. *Fernandez v. Freedom Health, Inc.*, 2021 WL 2954309, at *2 (M.D. Fla. Mar. 25, 2021) (Sneed, J.) ("[A] court has broad discretion to stay discovery pending the decision on a dispositive motion."); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its

---

[1] Kane's proposed class definition makes no effort to distinguish policyholders who had a driver correctly added to a policy in this fashion (*e.g.*, a policyholder's newly licensed teenage child), and those, like Kane, who say that the driver was incorrectly added because they were a stranger or had no access to the policyholder's vehicle. This failure will be fatal to any attempt Kane makes to certify a class. Even assuming Kane could craft a more precise class definition, the certification effort would still fail because individual inquiries—such as the nature of each driver's relationship to the policyholder and the specific circumstances under which they were added—would necessarily predominate over any common, class-wide issues.

DUANE MORRIS LLP
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

power to control its own docket.") (citations omitted); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 2021 WL 10428229, at *1 (S.D. Fla. Oct. 9, 2021).

A stay of discovery is appropriate when "resolution of a motion will dispose of an entire case." *Brooks v. Event Ent. Grp., Inc.*, 2020 WL 5535346, at *1 (S.D. Fla. Sept. 15, 2020) (citations omitted). **"Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."** *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (quoting *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981)) (emphasis added). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." *Id.* (explaining that a motion to dismiss for failure to state a claim under Rule 12(b)(6) "always presents a purely legal question" and "neither the parties nor the court have any need for discovery before the court rules on the motion"); *In re Smith*, 849 F. App'x 867, 872 (11th Cir. 2021) ("We have cautioned lower courts to resolve facial challenges to the legal sufficiency of a claim . . . before permitting discovery"); *NCC Bus. Servs., Inc. v. Lemberg & Assocs., LLC*, 2013 WL 5428737, at *2 (M.D. Fla. Sept. 26, 2013) (granting stay of discovery pending resolution of potentially-dispositive motion to dismiss, explaining that the "purpose of a stay is to permit the Court to potentially resolve a matter without the need for discovery, which can spare the court and the litigants the myriad costs of discovery"). Thus, where discovery is set to begin before resolution of a motion to

dismiss, a temporary stay of discovery pending determination of that motion is appropriate. *Chudasama*, 123 F.3d at 1367; *see Johnson*, 263 F.3d at 1269; *Mednax*, 2021 WL 10428229 at *3.

"To prevail on a motion to stay, Defendants must demonstrate reasonableness and good cause." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citations omitted). "Courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Hirshberg v. Lyman Prods. Corp.*, 2021 WL 9553273, at *1 (M.D. Fla. Feb. 22, 2021) (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)); *McCabe*, 233 F.R.D. at 685 (explaining that a stay of discovery pending resolution of a motion is appropriate where "resolution of the motion will dispose of the entire case"). Courts in this circuit have found requests for stays of discovery reasonable where the stay will not prejudice the plaintiff. *See, e.g.*, *Goldstein v. Costco Wholesale Corp.*, 2021 WL 2827757, at *2 (S.D. Fla. July 8, 2021) ("[T]he Court finds that a brief stay of discovery would not prejudice Plaintiff—and should the case proceed, Plaintiff will have ample opportunity to conduct discovery. Therefore, Defendant has adequately demonstrated the reasonableness of a temporary stay.").

Moreover, stays of discovery may be justified "upon a specific showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4. **In the class action context, courts are even more likely to grant a motion to stay because "the burdens attendant to discovery on class action claims exceed the normal**

**burdens of litigation and therefore are particularly salient for purposes of a motion to stay discovery.**" *Silver v. City of Albuquerque*, 2022 WL 9348637, at *3 (D.N.M. Oct. 14, 2022) (emphasis added); *Schmaltz v. Smithkline Beecham Corp.*, 2008 WL 3845260, at *1 (D. Colo. Aug. 15, 2008) ("[T]he Court concludes that a determination of the legal issues raised in Defendant's Motion to Dismiss should precede the significant burden of discovery attendant with a putative class action."); *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 569 (E.D.N.Y. 2024) ("Permitting class and collective-based discovery would . . . serve to create an unnecessary burden should Defendant's motion to dismiss be resolved in its favor."); *cf. Morat v. Cingular Wireless LLC*, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) ("As Plaintiff has filed a class action lawsuit, discovery into the merits could be unnecessarily expensive and time consuming depending on the resolution of the Motion to Compel Arbitration. If the Motion to Compel Arbitration is granted, the need for merits discovery will be eliminated.").

 "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Glynn v. Basil St. Partners, LLC*, 2010 WL 2508605, at *1 (M.D. Fla. June 16, 2010) (citations omitted). Therefore, "the Court must take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D.

**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

Fla. 1997) (cleaned up)). The merits of GEICO's Motion to Dismiss, the massive scope of Kane's likely discovery, and the minimal burden to Kane in deferring that discovery pending the resolution of the Motion to Dismiss, weigh overwhelmingly in favor of granting a stay.

> **I.    A temporary stay is warranted because a preliminary peek shows that GEICO's Motion to Dismiss is meritorious and case dispositive.**

A "preliminary peek" at GEICO's Motion to Dismiss reveals that the motion substantively challenges the legal viability of every claim under Rule 12(b)(6) and, if granted, will dispose of Kane's entire case. The Motion to Dismiss underscores the numerous deficiencies with each of Kane's claims. This warrants a temporary stay of discovery in this case pending the resolution of the Motion to Dismiss. *Caicedo v. DeSantis*, 2024 WL 1579675, at *1 (M.D. Fla. Apr. 11, 2024) (Sneed, J.) (staying discovery pending resolution of defendant's motion to dismiss because the motion "is case dispositive and the court's granting of the motion would obviate the need for discovery in this matter"); *Fernandez*, 2021 WL 2954309 at *2 (granting defendants' motion to stay discovery pending resolution of the motion to dismiss because a "preliminary review suggests that the pending motions to dismiss may result in dismissal of the Complaint as currently pleaded"); *Paul v. Biotronik, Inc.*, 2020 WL 13369048, at *4 (M.D. Fla. Oct. 16, 2020) (Sneed, J.) (identifying numerous pleading deficiencies following a "preliminary peek" and ruling that "[d]iscovery in this action is stayed pending the Court's determination of Defendant's second motion to dismiss"); *Lewis v. Mercedes-Benz USA, LLC*, 2020 WL 4923640, at *3 (S.D. Fla. Mar.

25, 2020) ("[T]he legal deficiencies asserted in Defendants' Motion to Dismiss also support the entry of a temporary stay.").[2]

In *Lewis*, the court stayed discovery pending resolution of a motion to dismiss where defendants challenged all sixteen causes of action on jurisdictional and substantive grounds, including significant pleading deficiencies under Rule 12(b)(6). 2020 WL 4923640 at \*3. The court explained that "if the Motion to Dismiss were granted—even in part—it would substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery." *Id.* at \*2. The court emphasized that resolving these challenges before permitting discovery "lessens unnecessary costs" and avoids imposing undue burdens and costs on the parties and the court. *Id.* ("Thus, given the presence of jurisdictional and facial challenges to all of Plaintiffs' claims, a temporary stay of discovery would save the court, counsel, and the parties significant time and effort.").

Like in *Lewis*, GEICO's Motion to Dismiss challenges all four of Kane's causes of action on substantive grounds. The motion moves to dismiss all four claims for failure to state a claim and further argues that Kane's claims are barred by the voluntary payment doctrine. Kane cannot overcome the pleading deficiencies

---

[2] *See also Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1231, 1233 (S.D. Fla. 2023) (granting defendants' motion to stay discovery pending the resolution of the motion to dismiss when a "preliminary peek" at the motion to dismiss revealed "potentially fatal pleading deficiencies"); *Mednax*, 2021 WL 10428229 at \*2 (granting defendants' motion to stay discovery pending the resolution of the motion to dismiss because defendants "challenged the viability of all nine counts on substantive grounds pursuant to Rule 12(b)(6)").

GEICO has identified. For example, in its breach of contract claim, Kane fails to cite a provision of the policy that it alleges GEICO breached. This is fatal to Kane's breach of contract claim. *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So. 2d 1232, 1236 (Fla. 4th DCA 2001) (dismissing complaint with prejudice because plaintiff failed to "identify any specific provision of the Contract that was breached"). Nor can the defect be cured because, as GEICO has explained in its motion, Kane's policy specifically allows GEICO to modify policy premiums to account for incorrect, incomplete, or changed information and requires Kane to cooperate with GEICO in doing so. Def's Mot. Dismiss at 7–8, Dkt. No. 14.

Furthermore, Kane's claim for violation of the implied duty of good faith and fair dealing is improperly duplicative of his breach of contract claim. *Id.* at 9; *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000) ("[A] breach of the implied duty may be dismissed as redundant where the conduct allegedly violating the implied covenant is duplicative of the companion cause of action alleging breach of contract."). Kane's unjust enrichment claim fails because such a claim can only succeed in the absence of a valid contract between the parties, the existence of which he does not contest. Def's Mot. Dismiss at 11–13, Dkt. No. 14; *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1322 (S.D. Fla. 2014) ("It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter."). Finally, Kane failed to plausibly allege that GEICO's conduct was either unfair or deceptive, dismantling his FDUTPA claim. On the contrary, GEICO told

Kane exactly what it was doing, why it was doing it, how he could raise an objection if he had one, and provided a reasonable timeframe for doing so. Def's Mot. Dismiss at 13–15, Dkt. No. 14. These are just *some* of GEICO's arguments in support of its argument that Kane's claims fail at the threshold and his Complaint must be dismissed with prejudice.

As in *Lewis*, the meritorious and dispositive nature of GEICO's Motion to Dismiss constitutes "good cause" to grant a stay of discovery. *Lewis*, 2020 WL 4923640 at *2–3 (citing *Nankivil*, 216 F.R.D. at 692). Specifically, because the Court's decision will likely dispose of Kane's case entirely or significantly narrow the scope of discovery, GEICO's facial challenges to Kane's Complaint should be resolved before the parties engage in discovery:

> **[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.** Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama*, 123 F.3d at 1368 (emphasis added).

Accordingly, this Court should grant GEICO's Motion to Stay to lessen unnecessary costs, save the Court, counsel, and parties significant time and effort, and preserve the integrity of the Court. *Id.*; *Lewis*, 2020 WL 4923640 at *2; *Caicedo*, 2024 WL 1579675 at *1.

## II.    The burden of nationwide class discovery justifies a stay.

Even apart from the dispositive nature of GEICO's pending Motion to Dismiss, the sweeping scope of discovery that will be sought in this putative nationwide class action independently supports a stay. *See Lewis*, 2020 WL 4923640 at *4 (granting defendants' motion to stay discovery in class action lawsuit because defendants identified "the unreasonable discovery burdens they will face absent a stay"); *Anderson Living Tr. v. XTO Energy, Inc.*, 2012 WL 13001855, at *2 (D.N.M. May 15, 2012) ("The pre-certification motion, asserting that Plaintiffs failed to state a claim under Fed. R. Civ. P. 12(b)(6), should be determined before the parties are put through the burdens and expense of certification discovery."). Indeed, "the burdens attendant to discovery on class action claims exceed the normal burdens of litigation and therefore are particularly salient for purposes of a motion to stay discovery." *Silver*, 2022 WL 9348637 at *3; *Edwards v. Zenimax Media, Inc.*, 2012 WL 1801981, at *4 (D. Colo. May 17, 2012); *Schmaltz*, 2008 WL 3845260 at *1; *Sharma*, 345 F.R.D. at 569.

Particularly instructive is *Edwards*. There, the court stayed discovery pending resolution of a motion to dismiss where the scope of discovery posed an undue burden because the claims involved "all persons or entities residing in the State of Colorado who purchased any version" of a video game. 2012 WL 1801981 at *2 (explaining that in light of the statewide discovery sought, discovery "is likely to be significant" and "would impose on Defendants more than the ordinary burdens of litigation").

If class action discovery limited to a single state is deemed unduly burdensome, then the Florida-wide *and* far-broader nationwide discovery sought here is certain to impose an undue burden on GEICO. *See id.* Kane seeks to certify both a Florida and nationwide class, targeting all insureds across the country who allegedly received a notice adding a driver based on consumer report data, took no action, and subsequently paid a higher premium when that driver was added, irrespective of whether or not the driver should in fact have been added to the policy. Discovery would necessarily implicate internal underwriting records, communications with consumer reporting agencies, and individualized premium and policyholder data for tens of thousands of policyholders from across multiple jurisdictions, all before the Court has determined whether a viable claim has even been stated.

Importantly, staying discovery will not prejudice Kane because any stay should be brief and limited to the pendency of a threshold legal determination. This is especially true given that discovery has not yet begun and no deadlines have been set. Therefore, Kane will have ample opportunity to conduct discovery if this case proceeds past the motion to dismiss, and a temporary stay of discovery is reasonable. *See Goldstein*, 2021 WL 2827757 at *2.

In contrast, the burden on GEICO of immediately commencing expansive nationwide class discovery would be immense, requiring extensive, time-consuming efforts to sift through countless files across multiple jurisdictions. *See Morris v. Lincare Inc.*, 2023 WL 3092625, at *1 (M.D. Fla. Apr. 26, 2023) ("Although such a stay will

delay the plaintiff's efforts to obtain discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines it [sic] the plaintiff lacks standing to bring this action."). A stay is therefore not only appropriate, but necessary to avoid prejudice and undue burden to GEICO. *See* Middle District Discovery (2021) at Section I.E.4. (stating that a stay of discovery may be justified "upon a specific showing of prejudice or undue burden"); *Sharma*, 345 F.R.D. at 569 (granting motion to stay discovery in case where plaintiff brought the case on behalf of herself and those similarly situated because "[p]ermitting class and collective-based discovery would . . . serve to create an unnecessary burden should Defendant's motion to dismiss be resolved in its favor"); *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, 2018 WL 4963245, at *4 (S.D. Fla. Sept. 28, 2018) (granting motion to stay discovery where the relevant discovery involves "a slew of records that could only be justified as part of a Herculean discovery effort for a class action involving thousands of unrelated enrollees").

## CONCLUSION

**WHEREFORE**, Defendant GEICO General Insurance Company respectfully requests that this Court grant its Motion to Stay Discovery Pending Resolution of its Motion to Dismiss, stay all discovery in this matter, and provide such other and further relief as the Court deems just, fair, and proper.

## LOCAL RULE 3.01 CERTIFICATION

Pursuant to M.D. Fla. L. R. 3.01(g), Defendant's counsel conferred with Plaintiff's counsel via teleconference on June 3, 2025 regarding the proposed stay. Plaintiff's counsel indicated that Kane opposes the relief requested herein.

Respectfully submitted this 4th day of June, 2025.

*/s/ Harvey W. Gurland, Jr.*
Harvey W. Gurland, Jr., Esq.
LEAD COUNSEL
Florida Bar No. 284033
Elisabeth L. Rabin, Esq.
Florida Bar No. 1025636
DUANE MORRIS LLP
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel:  305.960.2200
hwgurland@duanemorris.com
erabin@duanemorris.com
pnmendoza@duanemorris.com
mlcordova@duanemorris.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via CM/ECF on June 4, 2025, and that a courtesy copy was served upon all counsel of record, via the Court's generated email notification system.

*/s/ Harvey W. Gurland, Jr.*
Harvey W. Gurland, Jr., Esq.

DM1\16665055.3