UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD KANE,

    Plaintiff,

v.                                                         Case No. 6:25-CV-532-JSS-LHP

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

**Uniform Case Management Report**

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference by telephone conference on 6/4/2025. Martin Daesch (counsel for Plaintiff) and Harvey Gurland and Elisabeth Rabin (counsel for Defendant) attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates[*]:

| Action or Event | Date |
|---|---|

---

[*] GEICO submits these proposed deadlines and dates only in the event this Court denies its Motion to Stay.

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 8/4/2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 12/15/2025 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).   Plaintiff | 4/20/2026 |
| Defendant | 5/18/2026 |
| Rebuttal | 6/15/2026 |
| Deadline for completing discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 7/27/2026 |
| Deadline for filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/10/2026 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 8/24/2026 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 60 days after the Court's resolution of Kane's motion for class certification. |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.  Rodney A. Max, 2 Biscayne Blvd., Suite 2030, Miami, FL 33131, (305) 266-1224. | 11/9/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 3/15/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 4/12/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/17/2027 |
| Month and year of the trial term. | 6/1/2027 |

The trial will last approximately 4 days and be

2

☒ jury.

☐ non-jury.

3. **Description of the Action**

   **PLAINTIFF'S STATEMENT:**
   THIS IS A CONSUMER CASE SEEKING CLASS ACTION STATUS FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, UNJUST ENRICHMENT AND VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA). THE CASE ARISES FROM GEICO UNLAWFULLY AND UNILATERALLY ADDING UNKNOWN DRIVERS TO MR. KANE'S AUTO INSURANCE POLICY THEREBY INCREASING HIS MONTHLY PREMIUMS TO "INSURE" INDIVIDUALS HE DOESN'T EVEN KNOW. MR. KANE WAS UNAWARE OF THIS PRACTICE UNTIL HE NOTICED AN INCREASE OF HIS MONTHLY PREMIUM ON A BILLING STATEMENT HE RECEIVED FROM GEICO.

   GEICO HAS FILED ITS MOTION TO DISMISS MR. KANE'S COMPLAINT (DKT. NO. 14) AND A MOTION TO STAY DISCOVERY. (DKT. NO. 22) NEITHER MOTION HAS MERIT AS WILL BECOME EVIDENT WHEN MR. KANE FILES HIS RESPONSE TO THE MOTIONS.

   **DEFENDANT'S STATEMENT:**
   THIS CASE INVOLVES A POLICYHOLDER'S CHALLENGE TO GEICO'S LAWFUL, CONTRACTUALLY PERMISSIBLE PRACTICE FOR MANAGING HIS AUTOMOBILE INSURANCE POLICY. KANE OBJECTS TO GEICO'S ADJUSTMENT OF HIS POLICY PREMIUMS AFTER GEICO IDENTIFIED PREVIOUSLY UNKNOWN DRIVING-AGE INDIVIDUALS AT KANE'S ADDRESS. KANE ADMITS THAT GEICO NOTIFIED HIM THAT THESE INDIVIDUALS WOULD BE ADDED TO HIS POLICY AS ADDITIONAL DRIVERS UNLESS HE CONTACTED GEICO WITHIN 15 DAYS TO EXPLAIN WHY THEY SHOULD NOT BE ADDED. BY FAILING TO DO SO, KANE EFFECTIVELY CONSENTED TO THE POLICY ADJUSTMENTS AND RESULTING CHANGE IN HIS PREMIUM.

   GEICO HAS MOVED TO DISMISS ALL CLAIMS IN THE COMPLAINT AND THIS DISPOSITIVE MOTION IS PENDING BEFORE THE COURT. (DKT. NO. 14.) GEICO HAS ALSO MOVED TO STAY DISCOVERY PENDING A RESOLUTION OF THE MOTION TO DISMISS. (DKT. NO. 22.) WHERE, AS HERE, THERE IS AN ATTEMPT TO ASSERT A CLASS ACTION, COURTS HAVE STAYED DISCOVERY TO CONSERVE RESOURCES AND AVOID UNNECESSARY BURDEN. THAT NECESSITY IS HEIGHTENED BECAUSE MR. KANE SEEKS TO REPRESENT A NATIONWIDE CLASS AND WILL UNDOUBTEDLY

       SEEK EXPANSIVE DISCOVERY CONCERNING GEICO POLICYHOLDERS THROUGHOUT THE UNITED STATES.

4. **Disclosure Statement**

    ☒ Each party has filed a disclosure statement using the required form.

5. **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

    ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

    ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

    ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

    ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☐ Yes.
    ☒ No; instead, the parties agree to these changes: To extend the time for initial disclosures until August 4, 2025.

    B. **Discovery may be needed on these subjects:** The need for discovery on specific subjects is currently unknown. GEICO filed a motion to stay discovery on June 4, 2025, asserting that a stay is warranted pending the Court's resolution of its motion to dismiss. GEICO contends that, due to the meritorious and potentially dispositive nature of the motion, the outcome may significantly narrow the scope of or altogether eliminate the need for discovery in this proposed class action.

    C. Discovery should be conducted in phases:

    ☒ No. As indicated above, GEICO has filed a motion to stay discovery pending a resolution of its Motion to Dismiss.
    ☐ Yes; describe the suggested phases.

    D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

    ☒ No.
    ☐ Yes; describe the issue(s).

    E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

5

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/Rachel Dapeer*
Rachel Dapeer, Esq.
Richard Kane
6/6/2025

*/s/Martin Daesch*
Martin L. Daesch
Richard Kane
6/6/2025

*/s/Jesse Rochman*
Jesse B. Rochman
Richard Kane
6/6/2025

Add name of party or counsel
If counsel, add name of client
Add date of signature

*/s/ Harvey Gurland*
Harvey W. Gurland, Jr.
Geico General Insurance Company
6/5/2025

*/s/ Elisabeth Rabin*
Elisabeth L. Rabin
Geico General Insurance Company
6/5/2025