**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**

CASE NO.: 6:25-cv-00532-JSS-LHP

RICHARD KANE, on behalf of himself
and all others similarly situated

      Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

      Defendant,

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO STAY DISCOVERY**

Plaintiff Richard Kane opposes Defendant Geico General Insurance

Company's ("Geico's" or "Defendant's") Motion to Stay Discovery pending a

ruling on Geico's Motion to Dismiss, [Dkt. No. 14], and states:

**INTRODUCTION**

Section I.E.4 of the Middle District of Florida Discovery Handbook

provides:

> *Stays of Discovery.* Normally, the pendency of a motion
> to dismiss or a motion for summary judgment will not
> justify a unilateral motion to stay discovery pending a
> ruling on the dispositive motion. Such motions for stay
> are rarely granted. However, unusual circumstances
> may justify a stay of discovery in a particular case

1

upon a specific showing of prejudice or undue burden. Consistent with this mandate, courts have noted, in denying similar motions to stay, that "motions to stay discovery are not favored because delays in discovery can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Hammer Haag Steel, Inc. v. Peddinghaus Corp.*, No. 8:17-cv-510-T-23JSS, 2017 U.S. Dist. LEXIS 97017, at *3 (Fla. M.D. June 23, 2017) (internal quotes omitted); *see also Bomar v. Bayfront HMA Med. Ctr., LLC*, No. 8:16-cv-3310-MSS-JSS, 2023 U.S. Dist. LEXIS 64359, at *6 (Fla. M.D. April 12, 2023) ("Delays in discovery can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.") (internal quotes omitted).

## I.    FACTS

On March 7, 2024, Geico added an individual named Carter Kenneth Riddle to Kane's insurance policy. Dkt. 1, ¶ 15. Riddle is a complete stranger to Kane; Kane does not know any individuals with this name and no one by that name resides at Kane's residence. *Id.* ¶ 15; 11; 13. Geico's unilateral decision caused Kane's policy premium to increase, which Kane continued to pay at a wrongfully inflated amount. *Id.* ¶ 16. On or about December 2024, Geico again added another stranger to Kane's policy, an individual named

2

Angelina Marchand. *Id.* ¶ 17. Kane did not, and does not, know any individuals

with this name, and no one by that name resides at Kane's residence. *Id.* ¶ 18.

On March 26, 2025, Kane filed the instant action on behalf of himself, a

Florida Class, and a Nationwide Class, asserting claims of breach of contract;

breach of the covenant of good faith and fair dealing; unjust enrichment; and

a violation of Florida's Deceptive & Unfair Trade Practices Act on behalf of

Kane and the Florida Class. See Dkt. 1. Geico filed a Motion to Dismiss on May

22, 2025 and a Motion to Stay Discovery on June 4, 2025. See Dkt. 14; Dkt. 22.

Kane filed his opposition to Geico's motion to dismiss on June 11, 2025. *See*

Dkt. 24.

## II.    LEGAL STANDARD

There is no general rule that discovery should be stayed while pending

the resolution of a dispositive issue. *See Bomar*, 2023 U.S. Dist. LEXIS 64359,

at *5. Accordingly, the pendency of a motion to dismiss alone has never been

recognized as a basis for staying discovery. *Id.*; *see also Lewis v. Mercedes-Benz

USA, LLC*, 2020 WL 4923640, at *7 (S.D. Fla. Mar. 25, 2020) (*Chudasma v.

Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) "does not indicate a broad

rule that discovery should be deferred or stayed whenever there is a pending

motion that is potentially dispositive"); *see also Miller's Ale House, Inc. v.

DCCM Restaurant Group, LLC*, No. 6:15-cv-1109-Orl-22TBS, 2015 WL

6123984, at *2 (M.D. Fla. Oct. 16, 2015) (noting *Chudasma* and its progeny

3

"stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.")

The party seeking to stay discovery has the burden of showing good cause and reasonableness. *Affordable Bio Feedstock, Inc. v. United States*, No. 6:18-cv-2129-Orl 37TBS, 2019 U.S. Dist. LEXIS 104717, at \*2 (M.D. Fla. June 24, 2019) (citations omitted). In addition, the exception to the general rule that discovery should proceed despite the pendency of a motion to dismiss narrowly applies only when a "preliminary peek" at the motion to dismiss shows that it "appears to be clearly meritorious and truly case dispositive." *See Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997); *see also Kemp-Gerstel v. Ally Fin. Inc.*, 14-cv-20930 2014 WL 12600806, at \*1 (S.D. Fla. Nov. 20, 2014) (denying motion to stay discovery because "[a]lthough Defendant's motion to dismiss may indeed have merit, the Court cannot at this stage find that there is a substantial likelihood of success of a dispositive resolution").

To determine whether a party has met its burden, a court considering whether to stay discovery pending ruling on a motion to dismiss must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and eliminate the need for discovery entirely. *See Bomar*, 2023 U.S. Dist. LEXIS 64359, at \*5; *Feldman*, 176 F.R.D. at 652.

### III.    ARGUMENT

#### A. Defendant's Pending Motion to Dismiss is not a Basis to Stay Discovery.

Defendant should not be permitted to stay discovery and halt all progress in the case by filing a meritless motion to dismiss. In deciding whether to stay discovery pending resolution of a dispositive motion, courts must balance the harm produced by a discovery delay against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Schreiber v. Kite King's Lake*, LLC, No. 10-cv-391, 2010 U.S. Dist. LEXIS 110120, at *1 (M.D. Fla. Oct. 1, 2010); *Koock v. Sugar & Felsenthal, LLP*, No. 09-cv-609, 2009 U.S. Dist. LEXIS 81153, at *2 (M.D. Fla. Aug. 19, 2009) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted)). "Absent a clear indication a case will be dismissed in its entirety, a motion to stay should be denied." *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-J-39JRK, 2020 U.S. Dist. LEXIS 199518, at *5 (M.D. Fla. Oct. 27, 2020). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe*, 233 F.R.D. at 685 (citations and internal quotation marks omitted). Here, a "preliminary peek" at Defendant's Motion to Dismiss—and Kane's response—shows why it isn't case dispositive.

Geico claims the situation at hand is similar to *Lewis* so discovery should be stayed, but the comparison fails. Dkt. 22, p. 6–8. The *Lewis* motion to

dismiss challenged the jurisdictional grounds of all sixteen claims, and that court noted "numerous significant questions exist regarding personal jurisdiction alone[.]" 2020 WL 4923640, at *6. Due to the jurisdictional challenges, the *Lewis* court granted defendant's motion to stay discovery. *Id.* at *8. ("[W]hen faced with legitimate jurisdictional challenges like those present in Defendant's Motion to Dismiss, discovery should not commence until such challenges are resolved.") Here, Geico makes no jurisdictional challenges and instead challenges the sufficiency of Kane's pleadings. See Dkt. 22, p. 8–9. And, as addressed in Kane's Response in Opposition and identifiable by a preliminary peek at the Motion to Dismiss, Kane's claims are more than adequately pled. This case is most similar to *McCrimmon* than *Lewis*. Like *McCrimmon*, Kane offered colorable arguments in response to Geico's Motion to Dismiss and does not assert claims that are on its face "dubious" or "legally unfounded." 2020 U.S. Dist. LEXIS 199518, at *7.

Because a preliminary peek at Geico's Motion to Dismiss does not establish impending dismissal of Kane's claims, it does not eliminate the need for discovery. Accordingly, this court should "conclude[] that the harm resulting from a delay in discovery outweighs the possibility that there will be no need for discovery" and should deny Geico's Motion to Stay. *See Norris v. Honeywell Int'l, Inc.,* No. 8:22-cv-2210-CEH-MRM, 2023 U.S. Dist. LEXIS 111732, at *7–8 (M.D. Fla. June 28, 2023) (denying defendants' motion to stay

discovery pending resolution of their motion to dismiss the class action because

"a preliminary peek at the motion [to dismiss] d[id] not demonstrate an

immediate and clear possibility that the [c]ourt w[ould] dismiss the action in

full"); *Clampet v. Delta Air Lines, Inc.*, No. 23-60799-CIV-SINGHAL, 2023 U.S.

Dist. LEXIS 131361, at *5 (S.D. Fla. June 26, 2023) (denying the defendant's

motion for a limited stay pending resolution of its motion to dismiss the class

action because "dismissal [wa]s not a foregone conclusion").

### B. Defendant Fails to Assert Sufficient Prejudice to Overcome the General Rule Against Staying Discovery.

Even if the "preliminary peek" showed Geico's motion is meritorious and

dispositive (it isn't), Geico fails to (and cannot) assert a sufficient showing of

prejudice or undue burden. Geico speculates that the potential of class-wide

discovery automatically constitutes an undue burden, relying on *Edwards v.

Zenimax Media, Inc.*, 2012 WL 1801981 (D. Colo. May 17, 2012). *Edwards* is

unpersuasive. There, the court granted defendant's motion to stay discovery

due to several factors that are not present here: because defendants challenged

the exercise of personal jurisdiction, which was potentially dispositive to all

asserted claims on jurisdictional grounds, and because another district court

rejected the plaintiff's class action allegations in a similar case. *Id*. at *9.

Furthermore, the prospect of class action discovery does not inherently place a

burden on defendants. See *Kennedy v. Fhia,* LLC, No. 6:24-cv-1234, 2024 U.S.

Dist. LEXIS 153310, at *4 (M.D. Fla. Aug. 27, 2024).

7

## IV.    CONCLUSION

**WHEREFORE**, Plaintiff Richard Kane respectfully requests an order

(1) denying Defendant's Motion to Stay Discovery, and (2) for such other relief

as this Court deems just and equitable under the circumstances.

| | |
|---|---|
| **ONDERLAW, LLC** | **DAPEER LAW, P.A.** |
| Martin L. Daesch, Admitted PHV | By: */s/ Rachel Dapeer* |
| Jesse B. Rochman, Admitted PHV | Rachel Dapeer, Esq. |
| 110 E. Lockwood Ave. | ***Lead Counsel for Plaintiff*** |
| St. Louis, MO 63119 | Florida Bar No. 108039 |
| (314) 963-9000 (telephone) | 520 South Dixie Hwy, # 240 |
| (314) 963-1700 (facsimile) | Hallandale Beach, FL 30090 |
| daesch@onderlaw.com | Telephone: 786-963-5165 |
| rochman@onderlaw.com | Email: rachel@dapeer.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was

filed via CM/ECF on June 18, 2025, and that a courtesy copy was served upon

all counsel of record, via the Court's generated email notification system.

*/s/ Rachel Dapeer*