UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

R<small>ICHARD</small> K<small>ANE</small>,

    Plaintiff,

v.                                                     Case No. 6:25-<small>CV</small>-532-JSS-LHP

GEICO C<small>ASUALTY</small> C<small>OMPANY</small>,

    Defendant.

_____/

**MOTION TO STAY PROCEEDINGS DUE TO DEATH OF PLAINTIFF**

Defendant GEICO Casualty Company ("**GEICO**") respectfully moves this Court to stay all proceedings and deadlines in this matter pending substitution of the proper party under Federal Rule of Civil Procedure 25 following the death of Richard Kane ("**Plaintiff**"). In support thereof, GEICO states as follows:

1. This purported class action was filed by Plaintiff, a GEICO policyholder, who challenged GEICO's contractually permissible practice to manage automobile insurance policies. Specifically, he objected to GEICO's adjustment of his policy premiums after GEICO identified previously unknown driving-age individuals residing at Plaintiff's address. Prior to the adjustment, GEICO notified Plaintiff in writing that the additional drivers would be added to his policy unless he contacted GEICO within 15 days to explain why the individual should not be added.

2. On November 7, 2025, GEICO's undersigned attorneys spoke to counsel for Plaintiff and advised that they had recently learned that Plaintiff died on September 13, 2025. Counsel for GEICO was surprised to learn this information because Plaintiff's counsel had represented to GEICO's counsel on October 10, 2025, that Plaintiff could attend an in-person mediation in January 2026. During the November 7th call, Plaintiff's counsel stated that they were not aware Plaintiff had died. GEICO's counsel advised that information concerning Plaintiff's death in September was publicly available on the internet. Accordingly, in October, Plaintiff could not have been communicating with his lawyers. GEICO's counsel stated that they would be seeking a stay of this matter in light of Plaintiff's death. GEICO's counsel also asked Plaintiff's counsel to look into this matter and promptly get back to them. To date, Plaintiff's counsel has not contacted undersigned counsel regarding this matter.

3. On November 11, 2025, GEICO filed a Suggestion of Death (ECF No. 35), notifying the Court that Plaintiff Richard Kane died on September 13, 2025.

4. Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). The Rule further provides

that, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

5. Because Plaintiff is deceased, this action cannot proceed until a proper substitute plaintiff is identified and appears. Plaintiff's counsel cannot prosecute the case at this time. *Throw v. Tampa Brass & Aluminum Corp.*, 2022 WL 2953521, at *1 n.1 (M.D. Fla. July 26, 2022) (acknowledging that an attorney cannot "take substantive action" in a case following their client's death because "an attorney's agency to act on behalf of a client terminates upon that client's death") (citation omitted). Further, if no substitution occurs within the time permitted by Rule 25(a)(1), the case is subject to dismissal.

6. Accordingly, GEICO respectfully requests that the Court stay all proceedings and deadlines in this case for the shorter of ninety (90) days or until a proper substitute plaintiff is identified and the Court permits substitution of a new plaintiff.

7. A stay will conserve judicial resources, prevent unnecessary litigation activity during this interim period, and avoid prejudice to the parties while the substitution period under Rule 25(a)(1) runs.

8. Moreover, a stay following the death of a party is procedurally proper. *See Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1009 (11th Cir. 2017) (noting that the district court stayed the case for ninety (90) days

following the plaintiff's death); *Hadcock v. Jest Operating, Inc.*, 2021 WL 4710765, at *1 (M.D. Fla. Mar. 19, 2021) (staying case for ninety (90) days following death of plaintiff). It is also well-settled that this Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Rich v. City of Jacksonville*, 2010 WL 1141556, at *1 (M.D. Fla. Mar. 23, 2010) (finding that a stay is appropriate pursuant to the court's "inherent authority to manage cases pending before it").

9. This request is made in good faith and not for purposes of delay.

WHEREFORE, GEICO respectfully requests that the Court enter an Order staying all proceedings and deadlines in this action pending substitution of the proper party under Federal Rule of Civil Procedure 25(a) and granting such other and further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

On November 7, 2025, the undersigned had a call with Plaintiff's counsel regarding Richard Kane's death and the effect on proceeding with this case. The undersigned advised Plaintiff's counsel that this case would need to be stayed in light of Plaintiff's death. Plaintiff's counsel did not agree.

                                            Respectfully submitted,

                                            */s/ Elisabeth L. Rabin*
                                            Harvey W. Gurland, Jr.
                                            Florida Bar No.: 284033
                                            Elisabeth L. Rabin

Florida Bar No.: 1025636
DUANE MORRIS LLP
201 South Biscayne Blvd., #3400
Miami, Florida 33131
Telephone: (305) 960-2200
Facsimile: (305) 397-1874
hwgurland@duanemorris.com
erabin@duanemorris.com

*Counsel for Defendant GEICO Casualty Company*