IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ALLISON KANE, individually, as Personal Representative of the Estate of Richard Kane, and for all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEICO CASUALTY COMPANY,<br><br>Defendant. | Case 6:25-cv-00532-JSS-LHP<br><br>**CLASS-ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT AMENDED BY INTERLINIATION**

Plaintiff, Allison Kane ("Plaintiff"), individually, as Personal Representative of the Estate of Richard Kane, and for all others similarly situated ("the putative class members"), files this Class Action Complaint against Geico Casualty Company ("Geico") and in support states as follows:

**NATURE OF THE ACTION**

1. This is a class action lawsuit by Plaintiff. Richard Kane and Allison Kane were the named insureds under a Geico automobile policy.

2. Geico employs a standard practice of obtaining information from consumer reporting agencies to find licensed or permitted drivers to add them for an additional premium to insureds' Geico policies even when the added drivers are complete strangers to the insureds.

3. This lawsuit seeks recovery for all victims of Geico's unsavory practices.

4. This lawsuit is brought by Plaintiff individually, as Personal Representative of the Estate of Richard Kane, and for all other similarly situated insureds who have suffered increases to their policy premiums due to Geico adding unknown individuals to their policies.

## JURISDICTION AND VENUE

5. Minimal diversity exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a)-(b), and 1453. Plaintiff and many proposed class members are citizens of the State of Florida. Further, Geico is a corporation headquartered in Maryland which, at all relevant times, engaged in the business of marketing, selling, and servicing insurance policies in the State of Florida.

6. Venue is proper in this Court because named Plaintiff resides in Florida and a material amount of the acts and conduct complained of herein was directed towards Plaintiff and other class members in Florida; Plaintiff and many putative class members were injured in Florida.

## THE PARTIES

7. At all times material hereto, Plaintiff is and was a citizen of the State of Florida.

8. At all times material hereto, Geico is and was a corporation with its headquarters located in the State of Maryland.

9. At all times material hereto, Geico was authorized to transact insurance in the State of Florida, and Geico, indeed, serviced insureds throughout Florida.

## FACTUAL ALLEGATIONS

10. Richard Kane and Allison Kane were the only named insureds under the Policy.

11. On February 21, 2024, Geico e-mailed Plaintiff, speculating "Carter K Riddle *may* be a licensed or permitted driver with your address listed as their primary address."

12. Geico did no more work to vet Riddle. Instead, it added Riddle—a complete stranger—to Plaintiff's insurance policy because Plaintiff didn't call Geico within 15 days of February 21, 2024.

13. Plaintiff did not (and does not) know any individuals named Carter Kenneth Riddle, and no one by that name resides at Plaintiff's residence.

14. This correspondence informed Plaintiff that Mr. Riddle would be added to Plaintiff's policy automatically within fifteen days if no action was taken.

15. On March 7, 2024, Geico informed Plaintiff that Mr. Riddle was added to Plaintiff's policy as a covered driver.

16. This resulted in an increase to Plaintiff's policy premium, which Plaintiff continues to pay at this wrongfully inflated amount.

3

17. On or about December 2024, Geico informed Plaintiff that an additional individual, Angelina Marchand, was added to Plaintiff's insurance policy as a covered driver.

18. Plaintiff did not (and does not) know any individuals named Angelina Marchand, and no one by that name resides at Plaintiff's residence.

19. Geico issued Plaintiff and the putative class members substantially similar insurance policies.

20. The Form Policy issued by Geico to the Plaintiff and all putative class members are virtually identical in all material aspects. Affixed hereto is the Policy Form issued to Plaintiff (the "Policy"). The terms therein are applicable and substantially similar to the terms applicable to Plaintiff and all putative class members. *See* Exhibit A, Plaintiff's Policy.

21. Like Plaintiff, the putative class members were insureds on a Geico automobile insurance policy and had strangers added to their policies without Geico confirming—or even conducting a reasonable investigation—that the persons added to the policies actually lived at the insureds' addresses.

22. Plaintiff and the putative class members were improperly charged more than they owed due to Geico's addition of strangers to their insurance policies.

23. Class members continued to make payments on their policies despite being charged an improperly inflated amount.

24. Upon information and belief, Geico has retained the full payment amounts.

## CLASS ALLEGATIONS

25. Plaintiff brings this action individually, as Personal Representative of the Estate of Richard Kane, and as a class action pursuant to the provisions of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes:

*Nationwide Class:*

All insureds in the United States whom Geico sent a notice automatically adding a driver based on information obtained from a consumer reporting agency and who paid an increased premium after the driver was added by Geico without any action taken by the insured.

*Florida Class:*

All insureds whom Geico sent a notice automatically adding a driver based on information obtained from a consumer reporting agency showing a Florida address and who paid an increased premium after the driver was added by Geico without any action taken by the insured.

26. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claim on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

27. This action has been brought and may be properly maintained on behalf of each of the Classes proposed herein under Federal Rules of Civil Procedure 23.

28. *Commonality and Predominance.* Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3): This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. Whether Geico engaged in the conduct alleged herein;

   b. Whether Geico's conduct violates the Policy;

   c. Whether Geico's conduct violates consumer protection statutes and other laws as asserted herein;

   d. Whether Geico breached its duty of good faith and fair dealing;

   e. Whether Plaintiff and other Class members are entitled to equitable relief; and

   f. Whether Plaintiff and other Class members are entitled to damages and other monetary relief and, if so, in what amount.

29. *Typicality.* Federal Rule of Civil Procedure 23(a)(3): Plaintiff's claims are typical of the other Class member's claims because, among other things, all Class members were comparably injured through Geico's wrongful conduct, and their claims are all based on this conduct.

30. *Adequacy*: Federal Rule of Civil Procedure 23(a)(4): Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other

members of the Classes he seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. The Classes' interests will be fairly and adequately by Plaintiff and his counsel.

31. *Superiority*: Federal Rule of Civil Procedure 23(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Geico, so it would be impracticable for Nationwide and Florida Class members to individually seek redress for Geico's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contract, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I
**Breach of Contract**
**(On Behalf of Plaintiff and the Classes)**

32. Plaintiff hereby repeats and realleges all preceding paragraphs contained herein.

33. Plaintiff and the Classes purchased insurance from Geico.

34. Geico promised to provide coverage to Plaintiff and the Classes.

35. Nothing in Plaintiff and the Classes' insurance policy allows Geico to add individuals to the policies to increase payments. *See* Exhibit A.

36. Geico breached the contract by wrongfully adding strangers to Plaintiff's and the Classes' insurance policies.

37. As a result of Geico wrongfully adding strangers to Plaintiff's and the Classes' insurance policies, Plaintiff and the Classes' premiums increased.

38. Plaintiff and the Classes were damaged by paying more than what they owed under their policies.

## COUNT II
### Breach of the Covenant of Good Faith and Fair Dealing
### (On Behalf of Plaintiff and the Classes)

39. Plaintiff hereby repeats and realleges all preceding paragraphs contained herein.

40. Implicit in the dealings, agreements, and understandings between Plaintiff, the Classes, and Geico is a covenant of good faith and fair dealing.

41. Geico breached the implied covenant of good faith and fair dealing between the parties by wrongfully adding strangers to Plaintiff and the Classes'

8

insurance policies, which increased Plaintiff and the Classes' premiums.

42. Said breaches by Geico were not prompted by honest mistake, bad judgment or negligence, but rather by conscious and deliberate acts which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of Plaintiff and the Classes that no strangers would be added to their insurance policies.

43. Geico's breach has wrongfully increased Plaintiff and the Classes insurance premiums.

44. Geico knowingly failed to resolve or rectify the above breaches, which could only be accomplished by Geico.

45. Geico acted in a way to promote its own self-interest in the form of increased premiums in lieu of its duty to act in good faith.

46. At all times material, there existed an implied agreement between the parties that Geico would act in an appropriate and commercially reasonable manner and to act in good faith and fair dealing in its performance of the contract.

47. Plaintiff and the Classes have been damaged by the breach of Geico's covenant of good faith and fair dealing by wrongfully increasing Plaintiff and the Classes' insurance premiums, thereby causing significant damage to Plaintiff and the Classes.

**COUNT III**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Classes)**

9

48. Plaintiff hereby repeats and realleges all preceding paragraphs contained herein.

49. Plaintiff and the Classes bring a common law claim of unjust enrichment against Geico for the disgorgement of monies paid to provide insurance coverage to unrequested drivers added to their policies.

50. Geico inappropriately added individuals to Plaintiff and the Classes' policies that should not have been added.

51. As a result of Geico wrongfully adding strangers to Plaintiff's and the Classes' insurance policies, Plaintiff and the Classes' premiums increased.

52. Geico was unjustly enriched by receiving these increased premiums from Plaintiff and the Classes.

53. Plaintiff and the Classes are entitled to restitution of the amount of the increased premium paid to or retained by Geico, as Geico is not entitled to keep these ill-gotten gains.

54. In equity and in good conscious, Geico is obligated to provide Plaintiff and the Classes restitution of the increased premium collected and/or retained by Geico.

## COUNT IV
### Violation of Florida's Deceptive & Unfair Trade Practices Act
### (On Behalf of Plaintiff and the Florida Class)

55. Plaintiff hereby repeats and realleges all preceding paragraphs contained herein.

56. Plaintiff brings this Count on behalf of himself and the Florida Class.

57. Plaintiff and the Florida Class members are "consumers" within the meaning of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.203(7).

58. Geico engaged in "trade or commerce" within the meaning of FLA. STAT. § 501.203(8).

59. The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.204(1).

60. In the course of business, Geico would identify unrelated strangers who purportedly had the same address as the insured.

61. Geico only provided Plaintiff and the Class fifteen days notice by email before wrongfully adding said strangers to Plaintiff's and the Class's insurance policies.

62. Geico's actions increased Plaintiff and the Class's premiums and caused them to pay more than what was owed under the policies.

63. Geico's practices were unfair to Plaintiff and the Florida Class.

64. As a direct and proximate result of Geico's violations of the FDUTPA, Plaintiff and the Florida Class have suffered injury-in-fact and actual damages.

65. Plaintiff and Florida Class members are entitled to recover their actual damages under FLA. STAT. § 501.211(2) and attorneys' fees under FLA. STAT. §

501.2105(1).

66. Plaintiff also seeks an order enjoining Geico's unfair and/or deceptive acts or practices, punitive damages, and attorneys' fees, and any other just and proper relief available under the FDUTPA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff and members of the Classes demand a jury trial on all claims so triable and judgment as follows:

a) determine that this action may be maintained as a class action under Federal Rule of Civil Procedure 23, certify the proposed Classes for class treatment, appoint Plaintiff as class representative for the Classes, and appoint undersigned counsel as Class Counsel;

b) enter an order finding that Geico's actions described herein constitute breaches of the express terms of its insurance policies, as well as its duty of good faith and fair dealing;

c) award Plaintiff and members of the Class actual damages;

d) award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

e) award reasonable attorney's fees and litigation costs and expenses pursuant to applicable law; and

f) grant such other legal and equitable relief as the Court may deem appropriate, including specific performance as an alternative to damages.

| **ONDERLAW, LLC** | **DAPEER LAW, P.A.** |
|---|---|
| Martin L. Daesch, Admitted PHV<br>Jesse B. Rochman, Admitted PHV<br>110 E. Lockwood Ave.<br>St. Louis, MO 63119<br>(314) 963-9000 (telephone)<br>(314) 963-1700 (facsimile)<br>daesch@onderlaw.com<br>rochman@onderlaw.com | By: */s/ Rachel Dapeer*<br>Rachel Dapeer, Esq.<br>***Lead Counsel for Plaintiff***<br>Florida Bar No. 108039<br>520 South Dixie Hwy, # 240<br>Hallandale Beach, FL 30090<br>Telephone: 786-963-5165<br>Email: rachel@dapeer.com |