**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RICHARD KANE, for himself
and all others similarly situated,

    Plaintiff,

v.

                                    Case No: 6:25-cv-532-JSS-LHP

GEICO CASUALTY COMPANY,

    Defendant.

_____/

## <u>Short-Form Discovery Motion</u>

Plaintiff moves to compel discovery concerning GEICO's Risk Alert / automatic-driver-addition practice.

1.    This case challenges GEICO's uniform practice of using third-party data to identify supposed household drivers, sending Risk Alert notices, adding drivers absent a response, and increasing premiums. Docs. 1, 14-1. Discovery seeks systems, data, reports, fields, queries, and methodologies GEICO uses to identify affected policies and calculate premium changes.

2.    **GEICO waived its objections.** Plaintiff served discovery on August 18, 2025. Docs. 51-1, 51-2. The parties agreed to a deadline of **November 18, 2025**, but GEICO served nothing until **April 9, 2026**. Docs. 51-3, 51-4. Plaintiff never agreed to an additional extension or that deadline. Absent compelling circumstances, untimely objections are waived. Middle District

Discovery (2021) §§ III(A)(6), IV(B); *United States v. Wilkins*, 2017 WL 4182342, at *1–2 (M.D. Fla. Sept. 21, 2017). GEICO should respond without objection.[1]

3.     **GEICO already performed the analyses it now resists**. In another Risk Alert case, GEICO identified over 1,000 Missouri insureds who had a driver added without insured action (over 30,000 under a multi-state class definition), estimated average premium increases, and analyzed how long added drivers remained on policies. Docs. 51-5, 51-6. Allison Hoskins supplied that analysis there and verified GEICO's interrogatory answers here. Doc. 51-3 at 23. GEICO cannot use its data for litigation elsewhere, then object to providing the same type of information here as burdensome.

4.     **GEICO's production does not answer Interrogatories 10 and 13–17 or Requests 11–16.** This discovery seeks databases, fields, reports, queries, extracts, assumptions, filters, workpapers, and methods used to identify class members, track Risk Alert notices, track driver additions/removals, analyze premium changes, and calculate refunds or reversals. GEICO has not identified them. Instead, GEICO produced a carefully curated PDF while asserting premium impact requires individualized analysis. But GEICO's own records, including DEF-0000401–417 (Doc. 51-7), show discrete, timestamped

---

[1] Even accepting GEICO's tolling position, the responses were late. When Mr. Kane died (Doc. 40-1), 66 days remained before the agreed November 18 deadline. Adding 66 days after substitution/reopening on January 23, 2026 (Doc. 41), made responses due March 30, 2026.

driver-addition transactions, sequential premium data, and other premium-affecting events. Using GEICO's transactional and timing data, premium impact can be evaluated through a uniform process. GEICO cannot withhold structured data, such as data like DEF-0000401–417, and then rely on its incomplete production to claim individualized analysis is needed.[2]

WHEREFORE, Plaintiff requests an order requiring GEICO to: (A) respond without objection; (B) identify all responsive: systems, fields, reports, queries, extracts, filters, assumptions, and methodologies; (C) produce, in native or reasonably usable form, responsive: structured data, workpapers, datasets, extracts, sampling files, and calculations; and (D) grant such other relief as proper.

| **DAPEER LAW, P.A.** | **ONDERLAW, LLC** |
|---|---|
| | By: */s/ Jesse B. Rochman* |
| Rachel Dapeer, Esq. | Martin L. Daesch, Admitted PHV |
| ***Lead Counsel for Plaintiff*** | Jesse B. Rochman, Admitted PHV |
| Florida Bar No. 108039 | 110 E. Lockwood Ave. |
| 520 South Dixie Hwy, # 240 | St. Louis, MO 63119 |
| Hallandale Beach, FL 30090 | (314) 963-9000 (telephone) |
| Telephone: 786-963-5165 | (314) 963-1700 (facsimile) |
| Email: rachel@dapeer.com | daesch@onderlaw.com |
| | rochman@onderlaw.com |

---

[2] GEICO's PDF dataset is also deficient under Rule 34 because Instruction No. 11 (Doc. 51-1 at 6) requested native production and the PDF cannot be sorted or analyzed without manual reconstruction. Despite repeated requests, GEICO refuses to produce the PDF dataset in a reasonably useable format.

## LOCAL RULE 3.01(G) CERTIFICATION

Plaintiff's counsel conferred with defense counsel by email many times and on the phone three times, but the good-faith conferral did not resolve the discovery dispute addressed by this motion.

*/s/ Jesse B. Rochman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF on June 26, 2026, and that a courtesy copy was served upon all counsel of record, via the Court's generated email notification system.

*/s/ Jesse B. Rochman*

4