**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**

RICHARD KANE, on behalf of himself
and all others similarly situated,

Plaintiff,

v. CASE NO.: 6:25-cv-00532-JSS-LHP

GEICO GENERAL INSURANCE
COMPANY,

Defendant.

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT GEICO GENERAL INSURANCE COMPANY**

---

PLEASE TAKE NOTICE THAT, pursuant to Rules 33 of the Federal Rules of Civil Procedure (FRCP), Plaintiff, by his attorneys, requests that Defendant answer under oath the following written interrogatories, separately and fully, in writing within the time allotted by the FRCP. The documents requested shall be produced no later than 4:59 pm on the due date, or at such other time and place as mutually agreed upon by counsel.

PLEASE TAKE NOTICE THAT the recipient is under a duty to supplement responses pursuant to Rule 26(a) of the FRCP if you discover that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing. Further, pursuant to Rule 26(e)(2), the recipient is under a duty to seasonably amend responses to this discovery requests if it learns that any response given is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Plaintiff during the discovery process or in writing.

## DEFINITIONS

1. As used in this discovery, the terms lawsuit or complaint refers to the current action.

2. "Plaintiff" means Richard Kane.

3. "GEICO," "Geico," "Defendant," "you," and "your" shall mean GEICO General Insurance Company, its assignees, assignors, affiliates, divisions, parent companies, subsidiaries, entities in which GEICO has an ownership interest, entities which have an ownership interest in GEICO, successors, and any entity that is a predecessor of or merged into GEICO. References to GEICO include, but are not limited to, its predecessors, successors, and any entity or person doing business as GEICO. All entities identified in this paragraph shall include the present and former directors, officers, employees, agents, attorneys, and anyone acting on behalf of the same for GEICO.

4. "Auto Driver Notice" means any record or communications about adding a driver to the policy based on information obtained from a third-party, such as a consumer reporting agency, and includes, without limitation, all records or communications like Exhibits A and B attached to Geico's motion to dismiss.

5. The word "communication" or "communications" means any transmission of thoughts, opinions, or information (in the form of facts, inquiries or otherwise) and includes, but is not limited to, speech, face-to-face interaction, telephone calls, mail, facsimile, other writings, signs, electronic mail (email), text messages, or instant messaging.

6. The word "document" or "documents" shall be interpreted as broadly as permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, the original, drafts and all non-identical versions or copies (whether different from originals by reason or notations made on such copies or otherwise) of all written, printed, typed, photostatic, photographed, recorded, computer generated, electronic or mechanically or electronically recorded or stored communications or records of any kind, however produced or reproduced. "Document" also includes

any label, heading, title, or other identification of the file drawer, folder, file, or the like, in which the documents are located. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document. If copies of a document have been prepared and the copies are not identical (or have undergone alterations by the addition or deletion of notations or other modifications), each non-identical copy is a separate "document." A draft of a non-identical copy is a separate document within the meaning of this term.

7. The word "each" shall be construed to include "every" and vice-versa.

8. The word "any" shall be construed to include "all" and vice-versa.

9. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

10. The present tense shall be construed to include the past tense and vice-versa.

11. The masculine shall be construed to include the feminine and vice-versa.

12. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

13. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

14. The term "electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in F.R.C.P. 34(a)(1)(A).

15. The term "record" shall encompass all "documents" and

"electronically stored information."

16. The word "identify:" When referring to a person, "to identify" means to give, to the extent known, (i) the person's full name, (ii) the person's email addresses, (iii) the person's phone number, (iv) the person's social media handles, (v) present or last known address, and when referring to a natural person, additionally, (vi) the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; and

17. When referring to records or documents, "to identify" means to give, to the extent known, the (i) type of record; (ii) general subject matter; (iii) date of the record; and (iv) author(s), addressee(s), and recipient(s). A draft of a non-identical copy is a separate record within the meaning of this term.

18. "Relate to," "related to," "relating to," "regarding," "refer to," and "referring to" mean comprising, mentioning, describing, containing, enumerating, involving or in any way concerning, pertaining to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

19. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

## INSTRUCTIONS

1. In answering these interrogatories you are requested to furnish all information that is available to you, including that which has been obtained by, and that which is now in the possession of, your attorneys, employees, agents, and other representatives, and not merely the information known by the individuals preparing this response.

2. If you are unable to respond fully and completely to these interrogatories, after exercising due diligence to ensure the information necessary to

make such full and complete responses, so state, and in addition, respond to each such interrogatory to the fullest extent possible, specifying your knowledge, and the reason for your inability to respond to the remainder, and state whatever information or knowledge you may have concerning the answered portions thereof.

3. If you consider any requested document or communication to be privileged, please provide a written log of all such documents or communications in sufficient detail to allow Plaintiff's counsel to assess the claim of privilege. Your response should include the identification of such document or communication, the dates of the document or communication, the identity of the persons who were parties to the communication, and the basis asserted for such a privilege.

4. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.

5. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

6. You are requested to respond to these Interrogatories in writing and under oath within thirty (30) days from the date of service.

7. For each Interrogatory or part of an Interrogatory that you refuse to answer on grounds of burdensomeness, explain the basis for your contention.

8. Each of the interrogatories is a continuing one and must be supplemented in accordance with Fed. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

9. Each of the interrogatories is a continuing one and must be

supplemented in accordance with Fed. R. Civ. P. 26(e). If you later obtain, or become aware of, any further information pertaining to the interrogatories, you are requested to promptly serve upon Plaintiff amended answers setting forth such information.

10. Plaintiff reserves the right to request to view the original of any copy of a document provided in response to these interrogatories.

11. Pursuant to FRCP 34(B)(1)(c), please produce all electronically stored information ("ESI") in its original file format as maintained in your regular course of business and in a PDF format in such a manner that the information contained in the ESI is readable or otherwise understandable without the need for a specialty computer program.

## INTERROGATORIES

**Policies, Practices, and Data Sources**

1. Identify each person involved in developing the policy or practice of adding drivers to insurance policies based on information obtained from a third-party, such as a consumer reporting agency, or the policy or practice that resulted in any Auto Driver Notice.

2. Identify all data vendors, consumer reporting agencies, or other sources GEICO used to identify potential additional drivers for purposes of sending an Auto Driver Notice.

3. Describe the procedures GEICO used to determine whether an individual identified in an Auto Driver Notice resided at the policyholder's address and should be added, including how GEICO verified information obtained from a third party before adding the driver.

4. Identify any third-party vendors involved in preparing or distributing Auto Driver Notices for GEICO.

5. Describe any audits, internal reviews, or policy developments concerning the practice of automatically adding drivers without any action taken by the insured.

6. Identify any incentive or financial program linked to premium increases resulting from automatic driver additions.

7. Identify any departments and/or personnel responsible for reviewing and responding to complaints about any driver additions.

**Scope and Impact**

8. State the total number of insureds and policies (nationwide and by state) to whom GEICO sent an Auto Driver Notice and/or added a driver without any action taken by the insured. The relevant period for this interrogatory is five years.

9. Identify the number of policies (nationwide and by state) in which premiums increased after a driver was automatically added following an Auto Driver Notice. The relevant period for this interrogatory is five years.

10. Identify the average and median premium increase amounts resulting from automatic driver additions (nationwide and by state). The relevant period for this interrogatory is five years.

11. State the number of insureds who reported that the individual identified in an Auto Driver Notice did not reside with them or was otherwise unrelated to their policy.

12. State the number of complaints received by GEICO from policyholders who were sent an Auto Driver Notice objecting to the addition of individuals to an auto policy.

**Premium Calculation**

13. Explain how GEICO calculates revised premiums after sending an Auto Driver Notice or adding a driver without any action taken by the insured.

**Class Identification**

14. Identify the categories of records and data fields maintained by GEICO that show when a driver was added to an insured's policy, the source of information for the addition, and whether the insured took any action in response.

15. Describe in detail the databases, record systems, or reports from which information can be obtained regarding Auto Driver Notices or automatic driver additions, premium increases following adding drivers after sending Auto Driver Notices or automatic driver additions, and any subsequent reversals or disputes.

16. State how GEICO maintains and organizes data concerning Auto Driver Notices or automatic driver additions, including how such data can be queried to identify affected policyholders.

17. Describe how insureds within the class definition can be identified from GEICO's records, including what databases, data fields, or reporting tools would allow identification of insureds who (i) received an Auto Driver Notice, (ii) had a driver added without taking action, and (iii) paid an increased premium as a result.

**ONDERLAW, LLC**

By: /s/ Martin L. Daesch
Martin L. Daesch, Admitted PHV
Jesse B. Rochman, Admitted PHV
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com

**DAPEER LAW, P.A.**

By: */s/ Rachel Dapeer*
Rachel Dapeer, Esq.
***Lead Counsel for Plaintiff***
Florida Bar No. 108039
520 South Dixie Hwy, # 240
Hallandale Beach, FL 30090
Telephone: 786-963-5165
Email: rachel@dapeer.com

**Certificate of Service**

The undersigned certifies that on August 18, 2025, the foregoing document was served by e-mail on all counsel of record listed below.

/s/ Martin L. Daesch