**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**

RICHARD KANE, on behalf of himself
and all others similarly situated,

Plaintiff,

v. CASE NO.: 6:25-cv-00532-JSS-LHP

GEICO GENERAL INSURANCE
COMPANY,

Defendant.

---

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GEICO GENERAL INSURANCE COMPANY**

---

PLEASE TAKE NOTICE THAT, pursuant to Rules 34 of the Federal Rules of Civil Procedure (FRCP), Plaintiff, by his attorneys, requests that Defendant respond to the following requests for production of documents within the time allotted by the FRCP. The documents requested shall be produced no later than 4:59 pm on the due date, or at such other time and place as mutually agreed upon by counsel.

PLEASE TAKE NOTICE THAT the recipient is under a duty to supplement responses pursuant to Rule 26(a) of the FRCP if you discover that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing. Further, pursuant to Rule 26(e)(2), the recipient is under a duty to seasonably amend responses to these discovery requests if it learns that any response given is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Plaintiff during the discovery process or in writing.

**DEFINITIONS**

1. As used in this discovery, the terms lawsuit or complaint refers to the current action.

2. "Plaintiff" means Richard Kane.

3. "GEICO," "Geico," "Defendant," "you," and "your" shall mean GEICO General Insurance Company, its assignees, assignors, affiliates, divisions, parent companies, subsidiaries, entities in which GEICO has an ownership interest, entities which have an ownership interest in GEICO, successors, and any entity that is a predecessor of or merged into GEICO. References to GEICO include, but are not limited to, its predecessors, successors, and any entity or person doing business as GEICO. All entities identified in this paragraph shall include the present and former directors, officers, employees, agents, attorneys, and anyone acting on behalf of the same for GEICO.

4. "Auto Driver Notice" means any record or communications about adding a driver to the policy based on information obtained from a third-party, such as a consumer reporting agency, and includes, without limitation, all records or communications like Exhibits A and B attached to Geico's motion to dismiss.

5. The word "communication" or "communications" means any transmission of thoughts, opinions, or information (in the form of facts, inquiries or otherwise) and includes, but is not limited to, speech, face-to-face interaction, telephone calls, mail, facsimile, other writings, signs, electronic mail (email), text messages, or instant messaging.

6. The word "document" or "documents" shall be interpreted as broadly as permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, the original, drafts and all non-identical versions or copies (whether different from originals by reason or notations made on such copies or otherwise) of all written, printed, typed, photostatic, photographed, recorded, computer generated, electronic or mechanically or electronically recorded or stored communications or records of any kind, however produced or reproduced. "Document" also includes

any label, heading, title, or other identification of the file drawer, folder, file, or the like, in which the documents are located. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document. If copies of a document have been prepared and the copies are not identical (or have undergone alterations by the addition or deletion of notations or other modifications), each non-identical copy is a separate "document." A draft of a non-identical copy is a separate document within the meaning of this term.

7. The word "each" shall be construed to include "every" and vice-versa.

8. The word "any" shall be construed to include "all" and vice-versa.

9. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

10. The present tense shall be construed to include the past tense and vice-versa.

11. The masculine shall be construed to include the feminine and vice-versa.

12. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

13. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

14. The term "electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in F.R.C.P. 34(a)(1)(A).

15. The term "record" shall encompass all "documents" and

"electronically stored information."

16. The word "identify:" When referring to a person, "to identify" means to give, to the extent known, (i) the person's full name, (ii) the person's email addresses, (iii) the person's phone number, (iv) the person's social media handles, (v) present or last known address, and when referring to a natural person, additionally, (vi) the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; and

17. When referring to records or documents, "to identify" means to give, to the extent known, the (i) type of record; (ii) general subject matter; (iii) date of the record; and (iv) author(s), addressee(s), and recipient(s). A draft of a non-identical copy is a separate record within the meaning of this term.

18. "Relate to," "related to," "relating to," "regarding," "refer to," and "referring to" mean comprising, mentioning, describing, containing, enumerating, involving or in any way concerning, pertaining to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

19. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

## INSTRUCTIONS

1. In answering these requests for production you are requested to furnish all information that is available to you, including that which has been obtained by, and that which is now in the possession of, your attorneys, employees, agents, and other representatives, and not merely the information known by the individuals preparing this response.

2. If a requested document once existed but is no longer in existence, so state and, to the best of your recollection, provide the content of the document, the

date and circumstances under which it ceased to exist, and the identity of all persons having knowledge of the contents thereof.

3. If you are unable to respond fully and completely to these requests for production, after exercising due diligence to ensure the information necessary to make such full and complete responses, so state, and in addition, respond to each such interrogatory or request for production to the fullest extent possible, specifying your knowledge, and the reason for your inability to respond to the remainder, and state whatever information or knowledge you may have concerning the answered portions thereof.

4. If you consider any requested document or communication to be privileged, please provide a written log of all such documents or communications in sufficient detail to allow Plaintiff's counsel to assess the claim of privilege. Your response should include the identification of such document or communication, the dates of the document or communication, the identity of the persons who were parties to the communication, and the basis asserted for such a privilege.

5. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.

6. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7. You are requested to respond to these requests within thirty (30) days from the date of service.

8. For each request or part of an request that you refuse to answer on grounds of burdensomeness, explain the basis for your contention.

9. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

10. Each of the requests for production is a continuing one and must be supplemented in accordance with Fed. R. Civ. P. 26(e). If you later obtain, or become aware of, any further information pertaining to the interrogatories or requests for production, you are requested to promptly serve upon Plaintiff amended answers setting forth such information.

11. Plaintiff reserves the right to request to view the original of any copy of a document provided in response to this Request.

12. Pursuant to FRCP 34(B)(1)(c), please produce all electronically stored information ("ESI") in its original file format as maintained in your regular course of business and in a PDF format in such a manner that the information contained in the ESI is readable or otherwise understandable without the need for a specialty computer program.

## REQUESTS

**Policies, Procedures, and Training**

1. Produce all records that show GEICO's policies, procedures, training materials, or internal presentations relating to the practice of automatically adding drivers to insureds' insurance policies after sending an Auto Driver Notice.

2. Produce all scripts, call center guidelines, or other instructions used by GEICO representatives when handling insured disputes concerning Auto Driver Notices.

3. Produce GEICO's document retention policies applicable to records concerning insurance policy changes and Auto Driver Notices.

**Notices and Policy Forms**

4. Produce all versions of Auto Driver Notices sent to insureds.

5. Produce exemplar insurance policy forms used for Florida and nationwide insureds during the past ten (10) years.

6. Produce Plaintiff's complete insurance policy, including declarations pages and revisions, from issuance through the present.

**Consumer Data and Third-Party Vendors**

7. Produce all consumer report data or other third-party data used to support preparation and delivery of Auto Driver Notices.

8. Produce all communications with third-party data vendors or consumer reporting agencies concerning the identification of potential additional drivers for Auto Driver Notices.

9. Produce all records concerning how third-party addresses are matched, linked, or associated with insureds for purposes of preparation and delivery of Auto Driver Notices.

10. Produce all communications with third parties (excluding attorneys) in which GEICO discussed potential litigation risk arising from Auto Driver Notices.

11. Produce records that describe the databases, record systems, and data fields from which information can be obtained regarding Auto Driver Notices, automatic driver additions, premium increases, reversals, or disputes, and how such data can be queried to identify affected policyholders.

**Premium Impacts and Financial Records**

12. Produce records sufficient to identify the number and identity of insurance policies with increased premiums due to persons added after sending Auto Driver Notices, including the data fields and databases from which this information can be ascertained.

13. Produce records, including statements, invoices, or other documents, showing premium increases attributable to drivers added after sending Auto Driver Notices.

14. Produce all records and data fields used to calculate the increased premium for Plaintiff's policy, including records sufficient to show the methodologies GEICO uses to calculate revised premiums after sending an Auto Driver Notice.

15. Produce all records showing refunds, reversals, or adjustments to premiums following disputes related to Auto Driver Notices.

16. Produce all internal cost-benefit, profit, or financial analyses concerning the Auto Driver Notice practice.

**Complaints, Audits, and Risk Analyses**

17. Produce all complaints from insureds disputing the addition of persons through Auto Driver Notices.

18. Produce all internal communications concerning potential legal risk, customer dissatisfaction, or regulatory concerns arising from Auto Driver Notices.

19. Produce all records referencing internal audits, risk assessments, actuarial reports, or underwriting analyses concerning Auto Driver Notices or adding additional drivers to an insured's policy after sending Auto Driver Notices(s).

20. Produce all communications between GEICO and regulators concerning Auto Driver Notices.

**Riddle and Marchand**

21. Produce all records, including communications, concerning the addition of Carter K. Riddle and Angelina Marchand to Plaintiff's insurance policy, including communications with those individuals.

**Marketing and Public Messaging**

22. Produce any marketing, public relations, or communications plans used to explain, promote, or justify the Auto Driver Notice practice.

**ONDERLAW, LLC**

By: /s/ Martin L. Daesch
Martin L. Daesch, Admitted PHV
Jesse B. Rochman, Admitted PHV
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com

**DAPEER LAW, P.A.**

By: */s/ Rachel Dapeer*
Rachel Dapeer, Esq.
***Lead Counsel for Plaintiff***
Florida Bar No. 108039
520 South Dixie Hwy, # 240
Hallandale Beach, FL 30090
Telephone: 786-963-5165
Email: rachel@dapeer.com

**Certificate of Service**

The undersigned certifies that on August 18, 2025, the foregoing document was served by e-mail on all counsel of record listed below.

/s/ Martin L. Daesch