# EXHIBIT 2
# Unredacted Copy of Exhibit B to Notice of Removal

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

Eric Westerfield,

Plaintiff,

v.

Government Employees Insurance Company,
GEICO General Insurance Company,
GEICO Indemnity Company,
GEICO Casualty Company,
GEICO Choice Insurance Company,
GEICO Secure Insurance Company,
GEICO Advantage Insurance Company, and
GEICO Marine Insurance Company,

Defendants.

**DECLARATION OF ALLISON HOSKINS**

I, Allison Hoskins, being of lawful age and duly sworn upon my oath, state as follows:

1. I am over 18 years of age. I am authorized to provide this declaration on behalf of Defendants Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company, GEICO Advantage Insurance Company, and GEICO Marine Insurance Company (collectively, "GEICO"). I have reviewed the Petition filed in the above-captioned matter. If called upon to do so, I am competent to and would testify to the matters set forth herein, of which I have personal knowledge.

2. I work with GEICO as a Senior Manager, Underwriting Efficiency & Information Management. In that capacity, I am responsible for managing and implementing GEICO's driver discovery program, which proactively identifies youthful drivers in GEICO customers' households who are not listed on the customers' policies. In furtherance of those efforts, GEICO's Risk Alert

program utilizes third-party data that its vendor obtains directly from each state's respective Department of Motor Vehicles or equivalent agency (e.g., the Division of Motor Vehicles, Motor Vehicle Administration, etc.), to identify youthful drivers whom those government records indicate reside at GEICO insureds' addresses. While GEICO discloses the fact that it utilizes third-party data to supplement policy information to its insureds, it takes active measures to keep confidential and prevent the unintended disclosure of the number of individuals or the states in which its Risk Alert program is active, as that information is sensitive business information that, were it to be disclosed, may put GEICO at a competitive disadvantage in the auto-insurance space.

3. Upon an initial investigation, I have identified over 1,000 insureds who had GEICO policies issued to a residence in Missouri and had a driver identified by Risk Alert added to their policy "by GEICO without any action taken by the insured," as the Petition puts it, within the past five years.

4. GEICO's Risk Alert program is currently active in thirty states, including, for example, Missouri and Florida.

5. Using the 1,000 figure as the average number of insureds within each of the thirty states in which the Risk Alert program is active, then there would be 30,000 GEICO insureds who had drivers added to their accounts by GEICO pursuant to the Risk Alert program within the last five years.

6. The precise charge for an added driver will vary significantly based on a host of factors including, among other things, age and driver experience, vehicle type, geographic location, and driver record. As alleged in the Petition, Mr. Westerfield had a driver added to his policy in October 2024. During the six-day period when the driver was added to Mr. Westerfield's

policy but before that driver was removed at his request, Mr. Westerfield was charged an additional $13.19, which averages out to approximately $2.20 per day.

7. The length of time that each "added driver" will remain active on each putative class member's account will similarly vary significantly, as some insureds, like Mr. Westerfield would have removed the driver within a week, while others (*e.g.*, those whose added driver was a part of their household) may not have removed them at all. To be conservative, I have assumed that each added driver remained on the insured's account for approximately half of GEICO's six-month policy period.

8. Using the above estimates, a $2.20 purported overcharge, multiplied by 30,000 insureds, multiplied by 90 days would result in a total amount in dispute of $5,940,000. I have been asked by counsel to further multiply that figure by 30%, which totals $1,782,000. When combining these two figures, the total amount would be $7,722,000.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 4, 2026

Allison Hoskins