# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CASE NO.: 6:25-cv-00532-JSS-LHP

ALLISON KANE, individually, as
Personal Representative of the Estate of
Richard Kane, and for all others similarly
situated,

      Plaintiff,

v.

GEICO CASUALTY COMPANY,

      Defendant.

_____/

**NON-PARTY EXPLORE INFORMATION SERVICES, LLC'S SHORT-FORM MOTION TO QUASH OR MODIFY SUBPOENA UNDER FED. R. CIV. P. 45**

Pursuant to Federal Rule of Civil Procedure 45(d)(3) and Discovery Order (ECF 29), Non-Party, Explore Information Services, LLC ("Explore") moves to quash or modify Plaintiff's Subpoena to Produce Documents served June 1, 2026, reissued June 25, 2026 ("Subpoena").

The Subpoena contains 81 requests grouped under twenty topics. **Exhibit 1, ¶ 6, Tom Eggenberger Declaration**. The parties conferred. **Exhibit 2, pp. 3-5**, **Explore's Response and Objections**. Explore agreed to produce materials showing the source of the RiskAlert data, address match to the Kane addresses, data fields provided to GEICO and GEICO's RiskAlert settings. **Exhibit 1, ¶ 10**; **Exhibit 2, pp. 4-5.**

180965063

**The Subpoena must be quashed under Rule 45(d)(3)(A)(iii)&(iv):**

The Subpoena seeks protected matter. The Subpoena seeks confidential data (Personal Identifying Information) that Explore cannot disclose under the law. For example, in Florida, Explore contracts with FLHSMV and is precluded from sharing the data, except as authorized (i.e., with GEICO). **Exhibit 1 ¶¶ 4-5, 17, 23, 27.**

The Subpoena subjects Explore to undue burden. *See Feingold v. Cardinale*, 2024 WL 5120553, at *5-7 (S.D. Fla. Dec. 16, 2024). The Subpoena seeks nationwide discovery concerning Explore's products, methodologies, reports, analytics, and commercial relationship with GEICO spanning over 6 years (as amended). **Exhibit 1 ¶¶ 8-9;** *Rose v. T-Mobile USA, Inc.*, 2024 WL 3103662, at *4-5 (M.D. Fla. June 24, 2024); *Schaaf v. SmithKline Beecham Corp.*, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006). Compliance would require searches across Explore's systems and is estimated to involve 2,000-3,100 hours of employee time to search at least 40 custodians across 8 departments, with the potential to yield 5-15 terabytes of data. *Id.* **¶¶ 12, 14-16.** Only three employees are capable of performing these tasks. *Id.* **¶ 14.** The estimated cost to comply with the Subpoena as written is $330,000 - $511,000. *Id.* **¶¶18-20, 22.** Many requests seek information available from GEICO, thus, imposing an unnecessary burden. *Id.* **¶ 21.** *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1342–43 (11th Cir. 2020); *Rose*, 2024 WL 3103662, at *5. GEICO's discovery responses are limited to Florida and Explore should not be subject to broader discovery. **ECF 61-5, pp. 6-7 of 24; ECF 61-6, pp. 7, 11 of 23.**

2

**The Subpoena may be quashed under Rule 45(d)(3)(B)(i):**

<u>The Subpoena seeks trade secrets and confidential commercial information.</u>

The requests cover proprietary methodologies, customer-specific configurations, pricing information, revenue information, business reports, analytics, performance metrics, and other confidential commercial information developed by Explore over decades. **Exhibit 1 ¶¶ 23-26, 28**; *Cytodyne Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 536-37 (M.D. Fla. 2003); *Fadalla v. Life Auto. Prods., Inc.*, 258 F.R.D. 501, 506-08 (M.D. Fla. 2007). Disclosure would risk competitive harm to Explore. *Id.; Fadalla*, 258 F.R.D. at 506-09.

**WHEREFORE**, Explore requests that the Court quash or modify the Subpoena to limit Explore's obligations to production of information as provided in its Response **(Exhibit 2).**

**LOCAL RULE 3.01(g) CERTIFICATE**

Pursuant to Local Rule 3.01(g) and the Court's Order on Discovery Motions (ECF 29), the undersigned certifies that, on June 17, 2026, and June 24, 2026, counsel for Explore and counsel for Plaintiff conferred in good faith in an effort to resolve the issues raised in this Motion. During those conferences, the parties discussed the scope of the Subpoena, Explore's objections regarding relevance, burden, costs, confidentiality concerns. As provided in greater detail in Exhibit 2 at pages 3-5, Plaintiff's counsel provided Explore's counsel a general description of materials sought based on the twenty topic areas. As set forth in Exhibit 2, Explore is producing

materials in connection with some of those topics based on the conferral. However, the Subpoena, as issued, has not been amended or narrowed and imposes significant burden and risks on Explore and impacts Explore's legal obligations to state agencies from which it obtains government data.

Dated: July 29, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Stacy M. Schwartz*
Kenneth J. Joyce (FBN 986488)
Ken.Joyce@lewisbrisbois.com
kimberly.hill@lewisbrisbois.com
Stacy M. Schwartz (FBN 520411)
Stacy.Schwartz@lewisbrisbois.com
ftlemaildesig@lewisbrisbois.com
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Tel:      954.728.1280
Fax:     954.678.4090

*Attorneys for Non-Party Explore Information Services, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which serves a true and correct copy of the same to all attorneys.

*/s/ Stacy M. Schwartz*
Stacy M. Schwartz

4