UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLISON KANE, individually, as Personal Representative of the Estate of Richard Kane, and for all others similarly situated,

Plaintiff,

v. Case No: 6:25-cv-532-JSS-LHP

GEICO CASUALTY COMPANY,

Defendant

---

## ORDER

Before the Court is Plaintiff's Short-Form Discovery Motion (Doc. No. 51), to which Defendant has filed a response in opposition (Doc. No. 61). For the reasons that follow, the motion (Doc. No. 51) will be denied in part and deferred in part with the parties directed to provide supplemental briefing.

Plaintiff is a named insured under one or more automobile insurance policies issued by Defendant. Doc. No. 58. Plaintiff has filed a putative class action complaint challenging Defendant's practice of using allegedly unverified third-party data to identify undisclosed youthful drivers who utilize the named insured's address (*i.e.*, are part of the same household), but are not listed on the named

insured's policy, and adding them to the automobile insurance policy unless the named insured responds with 15 days, with increased premiums. *Id.*

During discovery, Plaintiff served interrogatories and requests for production on Defendant, through which Plaintiff seeks "systems, data, reports, fields, queries, and methodologies" Defendant uses to identify policies and calculate premium changes. Doc. No. 51, at 1; *see also* Doc. Nos. 51-1, 51-2. Defendant produced some responsive information, and objected to other discovery requests, primarily on the basis of undue burden. Doc. No. 51, at 2-3; *see also* Doc. Nos. 51-3, 51-4. Plaintiff complains that Defendant's objections are without merit, particularly since Defendant compiled the same information in a similar case initiated in the Eastern District of Missouri (the "*Westerfield* case")[1], and because Defendant's "carefully curated PDF" is not responsive and does not provide the underlying requested data in its native and/or reasonably useable format. Doc. No. 51, at 2-3. Plaintiff also argues that all of Defendant's objections should be deemed waived, as Defendant did not timely respond to Plaintiff's discovery. *Id.* at 1-2. In response, Defendant argues that based on the procedural history of this case, its discovery responses were timely-served, that the information it has

[1] *See Westerfield v. Gov't Emps. Ins. Co.*, 4:26-cv-00173-SRC (E.D. Mo. filed Feb. 4, 2026).

provided to date is sufficient, and that any further production would be unreasonable, disproportionate, and would create an undue burden. Doc. No. 61.

Upon consideration of the parties' arguments, along with all attached exhibits, the Court first finds unpersuasive Plaintiff's argument that all objections should be waived as untimely. Plaintiff paints a picture of Defendant doing nothing between November 18, 2025 (the agreed response date) and April 9, 2026 (the actual response date). Doc. No. 51, at 1-2. Not so. Rather, the record reflects that Defendant notified the Court on November 11, 2025 that the original Plaintiff in this case, Richard Kane, had passed away on September 13, 2025. Doc. No. 35. On November 12, 2025, Defendant moved to stay all deadlines in the case pending substitution of the proper party under Federal Rule of Civil Procedure 25 (Doc. No. 36), which Plaintiff did not oppose (Doc. No. 38), and which the Presiding District Judge granted, staying and administratively closing this case through January 23, 2026. Doc. Nos. 39, 41. Once the case was reopened, as evidenced by the emails attached to Defendant's response, the parties engaged in conferrals regarding discovery and other scheduling matters, with Plaintiff ultimately requesting Defendant's discovery responses by April 15, 2026. Doc. Nos. 61-2, 61-3. Defendant met that deadline, by serving interrogatory answers and responses to the requests for production on April 9, 2026. Doc. Nos. 51-3, 51-4.[2]

[2] The Court questions why Plaintiff omitted these facts in her motion.

Thus, this is not a case where Defendant has simply failed to respond, but rather it is clear that a large portion of the delays in responding were due to the procedural history of this case, including Richard Kane's passing and the resulting stay, and that Defendant ultimately responded to Plaintiff's discovery within the time frame Plaintiff provided. Plaintiff's request to waive all of Defendant's objections is therefore **DENIED**. *See Davila v. Odum & Sons Trucking, Inc.*, No. 05-61844-CIV, 2006 WL 8431572, at *2 (S.D. Fla. July 24, 2006) (declining to waive all objections to discovery as untimely where it was ambiguous as to whether plaintiff agreed to the extension, observing "when a motion involves important issues which may affect the outcome of [a] case, like [a] motion to compel, the dispute is better decided on the merits than on procedural grounds." (citation and internal quotation marks omitted)); *Gamecraft, LLC v. Vector Putting, LLC*, No. 6:12-cv-51-Orl-28KRS, 2012 WL 12899127, at *1 (M.D. Fla. July 6, 2012) (declining to strike objections as untimely asserted, even though no motion for extension of time was filed, where it appeared that plaintiff agreed to an extension).

Turning next to the remaining arguments, the Court finds that additional briefing would be beneficial. Accordingly, within **fourteen (14) days** from the date of this Order, Plaintiff and Defendant shall each file a supplemental brief of no more than **fifteen (15) pages** in length addressing – with citation to applicable legal authority – all issues raised in the motion and response (Doc. Nos. 51, 61). Among

other things, the parties should each address: (1) whether Defendant has sufficiently established its undue burden/proportionality objection based on the evidence provided, particularly where it appears that nearly identical information was provided in the *Westerfield* case;[3] and (2) whether the "641-page confidential document" is sufficient to satisfy both Defendant's obligations to answer Plaintiff's interrogatories and Defendant's obligations to respond to Plaintiff's requests for production.[4] By this same **14-day deadline**, Defendant shall submit to the Court for *in camera* review a copy of the 641-page document at issue, with data dictionary, along with an unredacted copy of its objections and responses to Plaintiff's interrogatories and requests for production. Defendant shall submit the materials **in hard copy form** by delivery to the Clerk's office along with a copy of this Order. The Clerk's office is **DIRECTED** to ensure that the materials are delivered to the undersigned's chambers. Other than these *in camera* materials, the Court will not consider any further evidentiary submissions from either party, and the supplemental briefing shall be limited to legal argument only.

---

[3] A review of the docket in that case shows that Defendant was able to provide the Declarations from Allison Hoskins, which supported Defendant's opposition to a motion to remand, less than 30 days after the motion to remand was filed. *See Westerfield v. Gov't Emps. Ins. Co.*, 4:26-cv-00173-SRC (E.D. Mo. Mar. 9, 2026) (Doc. Nos. 40, 40-1).

[4] Defendant only discusses Federal Rule of Civil Procedure 33(d) in its response, but does not explain how this confidential document sufficiently satisfies Federal Rule of Civil Procedure 34(b)(2). Doc. No. 61, at 3.

The Court **DEFERS** ruling on the remainder of Plaintiff's motion (Doc. No. 51) pending review of these additional materials.

The parties are reminded of their obligation to continue to confer concerning the dispute and must promptly notify the Court if they resolve the motion in whole or in part. Doc. No. 29 ¶ 8.

**DONE** and **ORDERED** in Orlando, Florida on August 28, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record