**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO.: 6:25-cv-00532-JSS-LHP

ALLISON KANE, individually, as Personal Representative of the Estate of Richard Kane, and for all others similarly situated,

Plaintiff,

v.

GEICO CASUALTY COMPANY,

Defendant.
___________________________________/

# JOINT SUPPLEMENTAL BRIEF PURSUANT TO DOC. NOS. 67 AND 73 ON NON-PARTY EXPLORE INFORMATION SERVICES, LLC'S ("EXPLORE") SHORT-FORM MOTION TO QUASH OR MODIFY SUBPOENA (DOC. NO. 63)

Under the Court's August 26, 2026 Order and subsequent order extending the deadline (Doc. Nos. 67, 73), Plaintiff and Explore submit this Joint Supplemental Brief reporting the results of their additional conferrals and setting out their respective positions on the issues that remain from Explore's Short-Form Motion to Quash or Modify Subpoena ("Motion") (Doc. No. 63).

## Background and Conferral Results

The Second Amended Complaint ("SAC") asserts claims against GEICO for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Doc. No. 58 ¶¶ 1–9, 63, 71–132. Explore is a non-party analytics and risk management provider that furnishes GEICO with RiskAlert services. Doc. No. 63-1, ¶ 3. Explore does not decide whether GEICO sends a notice, adds a driver, or changes a premium.

The issued subpoena had 81 document requests grouped under twenty topics. Doc. No. 63-2. Plaintiff and Explore have engaged in four conferrals regarding the scope of the subpoena. *See* Doc. Nos. 63 at 3-4; 63-4 at 3–4; 72, ¶¶4–5. During the June 24 conferral, Plaintiff limited the relevant period to March 26, 2020 forward and limited the requests to Explore's RiskAlert service. Doc. No. 63-4 at 5–6. Thereafter, Explore filed the Motion as to those requests Explore contends violate Rule 45; served written objections and responses; and produced documents EXPLORE_000001–000071 that were not subject to the Motion or objections, including its Memorandum of Understanding ("MOU") with the Florida Department of Highway Safety and Motor Vehicles ("FLHSMV") **(Exhibit 1)**, Florida output-format and field materials,

a Florida GEICO configuration screen, a November 2022 GEICO business-review presentation (EXPLORE_000037–70 submitted under seal with DEF-0003070–3122 and collectively referred to as "Business Updates"), and Kane-specific outputs. Doc. Nos. 63, 63-4, 64-1.

On August 3, Plaintiff filed her Response and sent a good-faith conferral email. Doc. Nos. 64, 64-1. During the August 19 conferral, Explore's counsel raised that: (1) Explore does not agree to a phased discovery plan because it is a non-party and not subject to treatment as a party; (2) Explore's review of the Driver's Privacy Protection Act ("DPPA"), Florida law and its MOU precludes Explore from providing materials to Plaintiff absent a court order; (3) the pending disputes between GEICO and Plaintiff should be addressed first as those disputes (including the relevant scope of discovery, e.g., Florida v. nationwide, (Doc. No. 63-4, p.6)) impact Explore's obligations and burden in responding to the Subpoena; (4) the new proposal does not address the objections raised by Explore; and (5) a significant amount (if not all) of material sought from Explore is in the possession of GEICO, a party.

Following the August 26 Order, the parties conferred again on September 2. Explore summarized its positions about the August 3 email, grouped as Topics 1 – 7, as follows: **Topic 1**: Explore stated it would not produce its contracts and business documents with GEICO because Explore contends they contain confidential commercial information, are subject to a confidentiality clause, and are not relevant. **Topic 2:** Explore stated it views production as restricted by the DPPA, Florida law and MOU; the request is burdensome because it seeks over six years of monthly reports

which would require time-consuming redaction; and such materials are also in GEICO's possession. **Topic 3:** Explore stated it had no additional documents beyond EXPLORE 35, 36 and 71 that relate to or help interpret the RiskAlert Florida fields, codes, match categories, indicators, reporting rules, monitoring rules, suppression rules, exclusion rules, or the GEICO RiskAlert Florida configuration. Plaintiff clarified the portion of the topic about "material changes." Explore stated the clarified category seeks confidential commercial information that remains subject to its Motion. **Topic 4:** Explore stated it has a "centrally located" monthly report, which is a billing report sent to GEICO. Explore asserts the report is confidential commercial business information and is not relevant. **Topics 5**: Explore stated there are no additional documents for this Topic. **Topic 6:** Explore stated, given the relevant period, approximately 16–18 customer service and business-analyst employees could be custodians communications with GEICO. Explore explained GEICO is a long-standing client that uses several Explore products and RiskAlert communications are not segregated from communications about other products. As such, Explore maintains the requested communication search is unduly burdensome, particularly because GEICO possesses its own communications with Explore. **Topic 7:** Explore stated it has no additional documents to this Topic.

Explore also advised its document-retention period is five years and it instituted a litigation hold. During the conferral, Explore asked Plaintiff to identify overlapping requests directed to GEICO so the parties could assess whether any burden could be

reduced. The parties did not resolve that issue and remain unable to resolve the disputes below.

## Remaining Discovery Disputes

**Dispute No. 1: Plaintiff's Proposed Phased Discovery Framework**

**Explore's Position: Proposed phased discovery is improper to a nonparty.**

Explore receives driver-license information from the FLHSMV and Florida policy information from GEICO, compares the FLHSMV license information against household members listed on GEICO policies, and creates an electronic output file transmitted to GEICO electronically each month. Doc. No. 63-1 ¶¶ 2–5; Doc. No. 63-4 at 2–4.

Plaintiff seeks to treat Explore as a litigant in this case, requiring it to maintain continuing obligations in this litigation under the Subpoena. Explore's desire is to obtain a determination as to the documents it is required to produce, without violation of its rights under Rule 45, and to complete compliance. Plaintiff seeks an inordinate amount of material from Explore. With each conferral, Plaintiff recasts the document requests requiring additional resources of Explore. During the June 24 conferral, Plaintiff focused only on the twenty Roman numeral topic areas set forth in the Subpoena. On September 2, Plaintiff recategorized the requested discovery. Permitting phased discovery is definitely prejudicial to Explore. Plaintiff chose to Subpoena Explore early in the discovery phase of this case. That decision should not permit Plaintiff to hold the Subpoena obligations open indefinitely. The requests are a moving target.

Plaintiff has refused to formally amend the 81-request subpoena. Instead, now seeking a "Phase One" production while reserving the ability to pursue additional discovery later. Doc. No. 64-1. Rule 45 does not obligate non-parties to cater to evolving and open-ended discovery requests. Fed. R. Civ. P. 45.

Moreover, Plaintiff's proposed "phased" plan is prejudicial to Explore because it would require Explore to continually reassess burden, cost, collection efforts, confidentiality concerns, and legal obligations based upon developing requests rather than reasonable fixed requests as contemplated by Rule 45. The Court should deny Plaintiff's phased discovery proposal.

**<u>Plaintiff's Position</u>: The narrowed subpoena is fixed, not phased.**

Plaintiff likewise seeks a determination of what Explore must produce and completion of compliance, not "evolving and open-ended discovery requests." Plaintiff's August 3 proposal materially narrowed the subpoena by focusing on existing RiskAlert materials, excluding bulk DMV data and nationwide custodial collection, and offering confidentiality protections. Doc. No. 64-1. The later grouping of those narrowed requests for conferral didn't expand Plaintiff's discovery. Plaintiff now asks the Court to modify the subpoena to the narrowed production below. *See Dozier v. DBI Servs., LLC*, 2023 WL 5510344, at *7 (M.D. Fla. Aug. 25, 2023) (modification is preferable to quashing). Any materially different future discovery would require a new, appropriately tailored Rule 45 subpoena subject to the objections and protections applicable then. Fed. R. Civ. P. 45(d)(3).

The narrowed production sought is limited to existing, nonprivileged materials

from March 26, 2020 forward: (1) the operative Explore-GEICO RiskAlert agreement, statement of work, and amendments, with pricing and terms unrelated to RiskAlert redacted (Request 1); (2) existing Florida- or GEICO-specific RiskAlert materials about data lag, stale or historical addresses, disputed or incorrect matches, corrections, false positives, accuracy, quality controls, and known limitations (Requests 13 and 33–38); (3) existing, centrally maintained GEICO RiskAlert reports or business reviews showing aggregate counts or ordinary-course metrics by state or match type, conversions, removals, or suppressions, if such reports already exist, without any new compilation (Requests 25 and 27); (4) nonprivileged communications limited to no more than two custodians—Explore's principal GEICO account contact and RiskAlert product lead, or two substitute custodians Explore identifies—about the foregoing subjects, interpretation of RiskAlert outputs, or requested or implemented changes to GEICO's Florida RiskAlert configuration (Requests 18, 41–42, and 70–71); and (5) existing transmission, processing, audit, correction, or dispute records specifically associated with the Riddle and Marchand outputs and not already produced (Requests 19–22 and 47–48). Plaintiff accepts Explore's representations that no additional documents exist for categories where Explore has so represented, provided the representations reflect reasonable inquiry and absence of documents rather than withholding on objection, and does not seek another copy of material Explore has already produced to Plaintiff in identical form and content.

If Explore contends any preserved request-specific objection, including relevance or proportionality, independently bars any portion of the narrowed

production, that objection should be identified and supported now; objections to requests Plaintiff no longer seeks need not be reached. *Allstate Ins. Co. v. Ambulatory Surgery Ctr. of Boca Raton, LLC*, 2025 WL 2695062, at *1 (M.D. Fla. Sept. 22, 2025) (requiring further briefing on why objections not addressed in opposition should not be summarily overruled). The narrowed production should not be ordered subject to a second round of unspecified objections. Relevance and proportionality are, in any event, expressly presented for determination in Dispute No. 3.

**Dispute No. 2: Production of Protected FLHSMV Data and Personal Identifying Information ("PII")**

**Explore's Position: The law precludes Explore from redisclosing FLHSMV-derived information.**

A Court must quash a subpoena that requires disclosure of protected matter. Fed. R. Civ. P. 45(d)(3)(A)(iii).[1] FLHSMV data received by Explore is protected by statute. Explore receives information as an authorized recipient under the DPPA, 18 U.S.C. § 2721(b)(6), e.g., the insurance-support exception. Explore is also governed by the MOU. **(Exhibit 1).** It requires Explore to maintain the confidentiality of FLHSMV-derived information, comply with the DPPA's redisclosure requirements, and refrain from distributing information except as authorized by law. ***See* Ex. 1** §§ IV.B.1-5, 7, 11, 14-15; V.A-B. Florida law classifies personal information contained in

[1] Explore's Motion addresses three issues: (1) protected matter sought by the Subpoena; (2) undue burden on Explore; and (3) requested trade secret and confidential commercial information. Each issue remains in dispute and requires a Court determination. Explore has also raised objections to the 20 topic areas and the specific requests, (including relevance and proportionality). While some of the objections raised touch on issues in the Motion, Explore's separate objections will not be determined by the Motion and cannot, based on the page limits imposed. Doc. No. 63-4.

motor vehicle records as confidential under the DPPA and states it "may be released only as authorized by" the DPPA. § Fla. Stat. 119.0712(2)(b).

The DPPA is a privacy statute that begins with a general prohibition against disclosure of personal information contained in motor vehicle records. 18 U.S.C. § 2721(a). The United States Supreme Court has determined the DPPA's exceptions must be construed narrowly to preserve the statute's privacy-protection purpose. *Maracich v. Spears*, 570 U.S. 48, 60-61 (2013). An expansive reading of the litigation exception would substantially undermine Congress's objective of protecting personal information contained in motor vehicle records. *Id.* Moreover, the Supreme Court recognized that "each distinct disclosure or use of personal information acquired from a state DMV must be permitted by the DPPA." *Id.* at 74.

That distinction is critical here. Plaintiff relies on § 2721(b)(4), which permits certain litigation-related disclosures. However, Explore did not receive the information under § 2721(b)(4). Explore received the information under § 2721(b)(6), and the DPPA separately regulates any subsequent redisclosure through § 2721(c). *Siegler v. Best Buy Co. of Minnesota, Inc.*, 519 F. App'x 604, 605 (11th Cir. 2013) (explaining that § 2721(c) "restricts the redisclosure of information obtained from a state DMV" and that the DPPA regulates private entities that obtain information originating from DMV records); *Public Interest Legal Found. v. Boockvar*, 431 F. Supp. 3d 553, 562-64 (M.D. Pa. 2019) (derivative lists and investigative records created from DMV information remained subject to DPPA protections). Because Florida law authorizes disclosure only when authorized by the DPPA, the issue is not simply

whether litigation exists. Rather, the question is whether a recipient that lawfully obtained DMV information under § 2721(b)(6) may subsequently redisclose that information in civil discovery under § 2721(b)(4) while remaining compliant with § 2721(c), Florida law, and contractual restrictions imposed by a state DMV. There is no case directly analogous to the case here, where information is requested from a non-party with obligations under the DPPA. However, existing authorities are instructive and support Explore's position that it could be liable for disclosure of information.

Plaintiff principally relies on *Marso v. SafeSpeed, LLC*, 2021 WL 4149075 (D. Kan. Sept. 13, 2021). *Marso* involved discovery directed to a party defendant, not a non-party recipient of DMV information. *Id.* at *1. The court did not analyze the redisclosure requirements of § 2721(c), a contractual data-sharing agreement comparable to the MOU, or whether a recipient who obtains DMV information under one DPPA exception could subsequently redisclose that information under another exception. *Marso* supports only the general proposition that the DPPA does not categorically prohibit discovery. *Id.* at *5. It does not address the specific redisclosure issue here. Nor do Plaintiff's DPPA authorities address the Rule 45 standards governing a motion to quash brought by a non-party recipient of DMV information.

Disclosure by Explore without qualification under an exception of the DPPA imposes risk of liability for Explore. *See* 18 U.S.C. § 2724. Explore cannot voluntarily redisclose FLHSMV-derived information consistent with the DPPA, Florida law, and the MOU. *See Westchester Surplus Lines Ins. Co. v. Portofino Masters Homeowners Ass'n, Inc.*, No. 3:23-cv-453-MCR-HTC, 2023 WL 8890834, at *8 n.7 (N.D. Fla. Dec. 26,

2023) (recognizing that the burden imposed on a non-party is particularly significant when the subpoena seeks private information).

An Attorneys' Eyes Only or Confidential designation, as suggested by Plaintiff, does not resolve the statutory mandate. The issue is Explore's legal obligation *not to disclose* the information, necessitating a ruling from the Court here. *In re Subpoena Dated June 18, 2020*, 2021 WL 7540812, at *5 (S.D. Fla. Apr. 14, 2021) (granting a motion to quash where federal regulations directly restricted disclosure of subpoenaed materials and contractual provisions implemented those restrictions, and holding that the case was "distinguishable from those involving a purely private agreement to keep information confidential" because "there are federal regulations that directly preclude disclosure of the subpoenaed materials"). Moreover, Plaintiff's reliance on *Klay* ignores the time-consuming process that would require Explore to review, redact, and anonymize years of monthly data after incurring the time and expense required to collect that data.[2] The same information can be obtained from GEICO, (if relevant).

The FLHSMV data qualifies as "protected matter," and no exception or waiver applies. However, if the Court were to determine certain data should be produced in this case, it should order the production to be handled by GEICO, for the reasons raised in Dispute No. 3 below.

**<u>Plaintiff's Position</u>: The DPPA permits the narrowed production.**

The narrowed production defeats Explore's blanket DPPA objection and its

[2] *Klay v. All Defendants*, 425 F.3d 977, 984-85 (11th Cir. 2005).

asserted redaction burden. Plaintiff does not seek FLHSMV's statewide source file or bulk DMV data obtained independently of the RiskAlert process. Plaintiff seeks the approximately 77 monthly RiskAlert output files that Explore already created and "transmitted to GEICO electronically" in the ordinary course. Doc. Nos. 51-6 ¶¶ 2–3; 63-1 ¶ 5. Those are existing files—not a dataset Plaintiff asks Explore to create, reconstruct, redact, or anonymize. And much of the remaining production—the RiskAlert agreement, materials explaining fields and match criteria, data-quality and limitation materials, aggregate reports, and targeted communications—does not require disclosure of any driver's protected personal information at all.

Explore therefore asserts a burden Plaintiff has not imposed: reviewing, redacting, and anonymizing years of monthly data. Explore says the same files are in GEICO's possession, confirming that Explore already created and transmitted them in completed form. Plaintiff seeks Explore's copies in that form. Plaintiff offered anonymization only as an accommodation to Explore's privacy concerns, not as a request for new sanitized files. If production is authorized under the DPPA, no new record-by-record redaction exercise is required; Explore can produce the existing files subject to the Confidentiality Agreement and any additional restrictions the Court deems appropriate. Explore cannot rely on GEICO's possession to argue alternative-source discovery while treating its own production as a new-construction burden.

Nor does the DPPA prohibit production. Explore's assertion that no exception applies fails under the statute's text. Rule 45(d)(3)(A)(iii) requires quashing protected matter only "if no exception or waiver applies," and § 2721(c) expressly provides that

an authorized recipient may redisclose DMV information "for a use permitted under subsection (b)." 18 U.S.C. § 2721(c). It does not restrict redisclosure to the subsection-(b) purpose for which the recipient originally obtained the information. The Supreme Court explained private persons who obtain drivers' information for "one" permissible purpose may "further disclose that information for ***any*** one of those purposes." *Reno v. Condon*, 528 U.S. 141, 146 (2000) (emphasis added).

Courts applying § 2721(c) have reached the same conclusion. *Young v. West Publishing Corp.*, 724 F. Supp. 2d 1268, 1271–72 (S.D. Fla. 2010), held an authorized recipient need not itself have the ultimate permissible use before redisclosing DMV information; the relevant inquiry is whether the redisclosure is for a permissible use. And *Graczyk v. West Publishing Co.*, 660 F.3d 275, 279–81 (7th Cir. 2011), rejected the argument that an authorized recipient must itself have an immediate permissible use, holding the DPPA permits redisclosure to persons whose uses fall within § 2721(b). Explore's original receipt under § 2721(b)(6) therefore does not itself foreclose a later disclosure that independently qualifies under § 2721(b)(4).

*Maracich* is consistent with that reading, not contrary to it. The Court held each distinct disclosure or use must independently qualify under the DPPA. 570 U.S. 48, 74 (2013). The proposed disclosure here has its own permissible basis. Section 2721(b)(4) expressly permits use "in connection with any civil ... proceeding" and, separately, disclosure "pursuant to an order of a Federal, State, or local court." *Chevaldina v. Katz*, 787 F. App'x 651, 655 (11th Cir. 2019), applied § 2721(b)(4) to DMV-derived information used in a federal civil action. Florida law follows the same

framework: motor-vehicle information "may be released only as authorized" by the DPPA. Fla. Stat. § 119.0712(2)(b). That distinguishes *In re Subpoena*: there, federal regulations directly precluded disclosure; here, § 2721(b)(4) expressly permits litigation use and disclosure pursuant to a court order.

Thus, even if Explore reasonably declines voluntary redisclosure without a court order, the remedy is an order—not quashal—directing production of the existing monthly files and other narrowed categories subject to the Confidentiality Agreement and any additional restrictions the Court deems appropriate. That resolves the DPPA concern without the anonymization process Plaintiff does not request.

**Dispute No. 3: Burden and Proportionality of Discovery Directed to Explore**

**<u>Explore's Position</u>: The requested discovery remains unduly burdensome.**

The issued Subpoena sought nationwide discovery concerning Explore's relationship with GEICO, including contracts, pricing and revenue detail, business-review materials, analytics, communications, methodologies, source data, compliance materials, and reports concerning Explore's RiskAlert services. Despite the August 3 proposal and subsequent conferrals, the discovery sought remains unduly burdensome and disproportionate as applied to a non-party.

Explore provides GEICO with RiskAlert, a service that identifies potential undisclosed youthful drivers whose driver's license addresses match addresses associated with existing GEICO policies. Explore is not a party to the policy, is not a party to this action, and serves no role in GEICO's process of adding potential undisclosed youthful drivers. Explore has met is burden by demonstrating in its filings

that the Subpoena imposes an undue burden (and seeks protected matter). Plaintiff has not met her burden of demonstrating relevance.

"[I]n considering a Rule 45 subpoena discovery dispute, the Court applies the relevancy and proportionality standards in Rule 26(b)(1)." *Davis v. Nationwide Ins. Co. of Am.*, 19-CV-80606, 2020 WL 7480819, at *3 (S.D. Fla. Dec. 18, 2020) (J. Matthewman); *accord Ocasio v. Nationstar Mortg., LLC,* 2:17-CV-40-FTM-38MRM, 2017 WL 4958578, at *2 (M.D. Fla. Nov. 1, 2017). "While Rule 45 does not specifically identify irrelevance as a reason to quash a subpoena, it is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules." *Jordan v. Comm'r, Mississippi Dep't of Corr.,* 947 F.3d 1322, 1329 (11th Cir. 2020), *cert. denied sub nom. Jordan v. Georgia Dep't of Corr.,* 141 S. Ct. 251 (2020). *See Rose v. T-Mobile USA, Inc.*, 2024 WL 3103662, at *4-5 (M.D. Fla. June 24, 2024); *Schaaf v. SmithKline Beecham Corp.*, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006); *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310-11 (S.D. Fla. 2015) (quashing a non-party subpoena where the breadth of the requests, temporal scope, lack of demonstrated need, and non-party status outweighed any asserted relevance). Those considerations weigh heavily in favor of limiting the discovery sought from Explore. *See Feingold v. Cardinale*, 2024 WL 5120553, at *7 (S.D. Fla. Dec. 16, 2024) (Rule 45 requires courts to balance the relevance against the burden; non-party status weighs against disclosure).

Plaintiff is using Explore as the primary source of discovery. Yet, the discovery sought is in GEICO's possession. Plaintiff's August 3 proposal expressly seeks

monthly RiskAlert output files, production reports, business-review materials, and communications that were provided to or exchanged with GEICO. Plaintiff fails to present a reason why those materials cannot first be obtained from GEICO before burdening a non-party. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2022 WL 2341963, at *5 (N.D. Fla. Apr. 26, 2022); *Am. Fed'n of State, Cnty. & Mun. Employees Council 79 v. Scott*, 277 F.R.D. 474, 478-79 (S.D. Fla. 2011). In fact, the disparity in the number of requests directed to Explore versus GEICO is illustrative. Plaintiff served 22 requests for production on GEICO, the Defendant, compared to serving 81-requests on Explore. Doc. Nos. 51-2, pp.6-8; 63-3, pp.8-17. Even if the requested materials were relevant (which is disputed), the *Pop* decision is unhelpful to Plaintiff because she cannot justify the burden imposed on Explore as opposed to seeking the discovery from GEICO.[3] *Mata v. Expedia Group Inc.*, 2026 WL 267797, at *2 (S.D. Fla. Jan. 6, 2026); *Scott*, 277 F.R.D. at 478-79.

Plaintiff cannot articulate the relevance of the materials requested and the basis for seeking *it all* from Explore, as opposed to GEICO. *Feingold*, 2024 WL 5120553, at *7-9; *Santa Rosa Development, LLC v. Santa Rosa County*, 2022 WL 19333936, at *5 (N.D. Fla. Oct. 31, 2022) (recognizing that courts should not permit invasive third-party discovery based on the mere possibility that relevant information may exist); *Great Am. Ins.*, 166 F. Supp. 3d at 1310-11. Unlike *Westchester*, Explore provided a detailed Declaration demonstrating undue burden. *Westchester Surplus Lines Ins. Co. v.*

[3] *Pop v. Lulifama.com LLC*, 2023 WL 3584095, at *2 (M.D. Fla. May 22, 2023).

*Portofino Masters Homeowners Assoc., Inc.*, 345 F.R.D. 532, 538 (N.D. Fla. 2024); *cf.* Doc. No. 63-1 ¶¶ 12, 15, 16, 19-20, 22. At the time of the Declaration, Plaintiff had refused to amend the requests. Now, Plaintiff seeks phased discovery, so Explore's position remains valid and unchallenged. Rule 45 affords special protection to non-parties, and Plaintiff has not demonstrated a sufficient basis to impose this burden on Explore. *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020); *Talentscale, Inc. v. Aery Aviation, LLC*, 802 F. Supp. 3d 1370, 1379 (N.D. Fla. 2025).

Explore's Declaration detailed the grounds supporting undue burden. Doc. No. 63-1. Despite Plaintiff's August 3 proposal, the burden remains given the voluminous amount of information still sought (and now sought in phases). *See Rose*, 2024 WL 3103662, at *5 (quashing a subpoena seeking "just about every scrap of paper and communication" over a multi-year period that were not centrally located, involved numerous custodians, and would require extensive collection and review efforts).

The face of the Subpoena (and revised Topics) demonstrates Plaintiff seeks discovery concerning matters extending well beyond the policy at issue. Plaintiff continues to seek broad information concerning Explore's RiskAlert services, reports, business practices and relationship with GEICO. Rule 45 does not require a non-party to incur substantial burden and expense to produce discovery that extends beyond the issues presented, particularly where much of the information is already available from a party. *See Jordan,* 947 F.3d at 1342-43; *Rose*, 2024 WL 3103662, at *5.

Explore has met its burden under the test and Plaintiff has not. Explore undertook reasonable efforts to locate and produce documents that are not in GEICO's

possession and responsive to a number of the twenty categories in the Subpoena (pursuant to the June 24 conferral). The Court should determine that Explore has met its obligation by doing so, determine that Explore has fully complied, and terminate Explore's Rule 45 obligations.

**<u>Plaintiff's Position</u>: Explore has not shown undue burden.**

Explore's declaration estimated 2,000–3,100 hours and $330,000–$511,000 for the original 81 requests, at least forty custodians across eight departments, nationwide systems and archives, and potentially 5–15 terabytes of material. Doc. No. 63-1 ¶¶ 6, 12, 15–22. It does not estimate the narrowed production. By September 2, Explore had identified centrally maintained material, represented that no additional documents exist for several topics, and identified 16–18 possible email custodians before Plaintiff proposed limiting any custodial search to two. The approximately 77 monthly RiskAlert output files likewise require no custodial search or new compilation; Explore already created and electronically transmitted them to GEICO in the ordinary course.

*Dyer v. Coloplast Corp.* is closely analogous: after the requesting party narrowed a nonparty subpoena, the court held the narrowing "pulls the rug out from under" the nonparty's burden premise. 806 F. Supp. 3d 1329, 1336 (M.D. Fla. 2025). This Court likewise recently questioned whether a "relatively conclusory" undue-burden affidavit satisfied the resisting party's burden where it failed to account for modern technology or an outside vendor. *Allstate*, 2025 WL 2695062, at *1 (citing *Interactyx Ams., Inc. v. Dundy*, 2021 WL 4943584, at *2 (M.D. Fla. Apr. 9, 2021)). Explore's original estimates do not establish the burden of the materially narrowed production now

before the Court.

Explore also conflates distinct Rule 45 standards. Plaintiff bears the initial burden to establish relevance, but where the requested discovery is relevant on its face, the burden shifts to the objecting party to show irrelevance *Nat'l Staffing Sols., Inc. v. Sanchez*, 2022 WL 19355861, at *2 (M.D. Fla. Sept. 15, 2022). Explore separately bears the burden to substantiate undue burden or protected status. *Id*. The "substantial need" requirement appears in Rule 45(d)(3)(C) when a court orders production, rather than quashing, material described in Rule 45(d)(3)(B), including trade-secret or confidential commercial information. It is not the governing burden for every ordinary relevance or undue-burden question under Rule 45(d)(3)(A)(iv). And a generalized showing is insufficient; the burden must be particularized to the compliance required by "each specific discovery request." *Sanchez*, 2022 WL 19355861, at *2; *Westchester*, 345 F.R.D. at 538.

The narrowed materials are relevant to the challenged conduct in the SAC. Plaintiff alleges GEICO used Explore's RiskAlert information to identify potentially undisclosed drivers, add drivers to policies, and adjust premiums. Doc. No. 58 ¶¶ 1–9, 63, 71–132. Explore compares driver-license information in 30 states with policy information supplied by GEICO and electronically transmits monthly output files identifying potential address matches. Doc. No. 51-6 ¶¶ 2–3. Existing materials concerning known limitations, stale addresses, disputed matches, corrections, configuration changes, and ordinary-course performance metrics bear on what RiskAlert outputs meant, what limitations accompanied them, what GEICO and

Explore knew about those limitations, and whether common evidence can identify the challenged practice and its consequences. Those issues bear on Plaintiff's contract and implied-covenant theories and on classwide proof. *Pop*, 2023 WL 3584095, at *2.

Nor does GEICO's possession of overlapping materials eliminate Explore as a proper source. GEICO and Explore each produced a file with the same title and date but the versions materially differ in length and content. *See* Business Updates. Thus, even where both possess a same-titled, same-dated document, GEICO cannot establish its copy is identical to Explore's retained file. The same concern applies to the monthly RiskAlert outputs and Explore's own analyses, audit or correction records, internal materials, and communications. GEICO's possession of overlapping material may inform proportionality but creates no categorical bar to obtaining Explore's source records. *Popcorned Planet, Inc. v. Lively*, 815 F. Supp. 3d 1248, 1259 (M.D. Fla. 2025) (although availability from another source informs undue burden, Rule 45 does not require exhaustion of all other sources before third-party discovery).

The Court can protect Explore from any genuinely demonstrated burden without quashing the subpoena. Plaintiff has limited custodial communications to two custodians, does not require creation of a new dataset, and—as to the monthly RiskAlert files—does not require Explore to redact or anonymize files it already created and transmitted to GEICO if the Court determines production is authorized under the DPPA. Any specifically demonstrated significant incremental expense can be addressed through additional conferral. Explore's original declaration, however, does not establish that the narrowed production imposes such a burden.

**Dispute No. 4: Confidential and Sensitive Commercial Information**

**<u>Explore's Position</u>: Explore's business terms with GEICO are confidential and irrelevant to this case.**

Plaintiff's categories continue to include Explore's confidential and commercially sensitive business information. The August 3 proposal seeks Explore-GEICO agreements and business terms. Rule 45 expressly authorizes courts to protect non-parties from discovery requiring disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). This District recognizes that such information warrants special protection, particularly when discovery involves a non-party. *See Cytodyne Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 536-37 (M.D. Fla. 2003); *Fadalla v. Life Auto. Prods., Inc.*, 258 F.R.D. 501, 506-08 (M.D. Fla. 2007); *Westchester*, 2023 WL 8890834, at *8 n.7. Explore has established that the subpoena seeks confidential commercial information. Plaintiff's burden is to demonstrate a substantial need for the information that cannot otherwise be met without undue hardship. *In re Subpoena*, 2021 WL 7540812, at *3-*4. Plaintiff has not met her burden.

Explore provided concrete evidence supporting this ground. Doc. No. 63-1, ¶¶23-26. Explore competes with other companies providing similar services. *Id.* at ¶26. Information concerning Explore's commercial relationship with GEICO, products, methodologies, pricing structures, revenues, performance metrics, and business operations is not publicly available, constitutes commercially sensitive information and is subject to a confidentiality clause between GEICO and Explore. *Id.* at ¶¶23, 25,

28. Disclosure of that information risks competitive harm and extends beyond Plaintiff's claims against GEICO. *Id.* at ¶¶23, 26.

Plaintiff's claims challenge GEICO's policy terms and conduct, not Explore's business terms. Plaintiff has not demonstrated a particularized need for broad discovery into Explore's business materials with clients, including GEICO. *Cf. Wellness Brands, LLC v. Doe 1*, 2023 WL 3276071, at *3-5 (M.D. Fla. May 5, 2023) (denying a motion to quash where plaintiff had "no other means" to identify potential defendants, demonstrating a substantial need for the information). Should the Court decide to permit any discovery involving Explore's confidential commercial information, Explore respectfully requests the Court narrowly tailor the discovery and implement appropriate protections.

**<u>Plaintiff's Position</u>: Confidentiality justifies protection, not quashal.**

Rule 45(d)(3)(B)(i) is discretionary. *Jordan v. Commissioner, Mississippi Department of Corrections* distinguishes the mandatory grounds in Rule 45(d)(3)(A)—including protected matter and undue burden—from the discretionary authority in Rule 45(d)(3)(B)(i) to quash or modify a subpoena seeking trade secrets or confidential commercial information. 947 F.3d 1322, 1335–36 (11th Cir. 2020). Explore, as the party resisting discovery, must establish that the information sought is confidential and then demonstrate its disclosure will be harmful. *Byte Fed., Inc. v. Lux Vending LLC*, 2023 WL 7043266, at *2 (M.D. Fla. Oct. 26, 2023).

Plaintiff has eliminated pricing, other customers, source code, and unrelated Explore products from the narrowed production. Doc. 64-1. The agreement with

GEICO is sought only to establish the RiskAlert service Explore agreed to provide GEICO, the parties' roles, the data and outputs encompassed by that service, and provisions bearing on validation, accuracy, configuration, or permitted use. Plaintiff accepts redaction of pricing and unrelated provisions. Even if Rule 45(d)(3)(C)'s substantial-need standard applies, Plaintiff satisfies it. The operative agreement defines the RiskAlert service and the parties' respective roles, while Explore's own reports and records provide source-side evidence that GEICO cannot necessarily reproduce in equivalent form. The Business Updates confirm the point: GEICO and Explore produced same-titled, same-dated versions that are not identical.

The remaining confidentiality concern is appropriately handled through conditions, not blanket quashal. *Klay* upheld production of valuable nonparty commercial data subject to protections preserving its commercial value. 425 F.3d at 982–86. This Court likewise rejected an inadequately supported proprietary/trade-secret objection and noted a confidentiality agreement could protect the information. *Disney Enters., Inc. v. Secret Dis Grp. LLC*, 2024 WL 621598, at *6 (M.D. Fla. Feb. 14, 2024).

Plaintiff is not an Explore competitor. If Explore establishes a particular category justifies heightened protection, the Court can impose Attorneys' Eyes Only treatment, redaction, or other specified conditions rather than quash the narrowed production wholesale.

**Dispute No. 5: Geographic Scope of Discovery Directed to Explore**

**<u>Explore's Position</u>: Explore should not be required to produce discovery broader than the discovery sought from or produced by GEICO.**

A dispute between GEICO and Plaintiff remains as to whether the scope of discovery should be nationwide or limited to the state of Florida. The Subpoena seeks nationwide discovery concerning Explore's RiskAlert services and relationship with GEICO. Explore objected to nationwide discovery as unduly burdensome in its Motion to Quash and relevance and proportionality grounds in its objections.

GEICO has limited its discovery responses to Florida. Explore should not be subject to broader discovery. *See* Doc. No. 61-5, pp.6-7; Doc. No. 61-6, pp. 7, 11. A non-party should not become the vehicle through which a plaintiff obtains discovery exceeding the scope of discovery available from the party defendant. *See Scott*, 277 F.R.D. at 478-79; *Feingold*, 2024 WL 5120553, at *3, *7-9.

**<u>Plaintiff's Position</u>: The narrowed production requires no nationwide collection.**

The narrowing largely eliminates this dispute. Plaintiff seeks no separate-state DMV collection, nationwide custodial search, or nationwide person-level outputs. The only materials potentially extending beyond Florida are the operative GEICO RiskAlert agreement and existing centrally maintained GEICO-level reports or business reviews (*e.g.*, Business Updates), produced as maintained—not newly compiled.

Nor does information from multiple states transform an existing centrally maintained report into burdensome "nationwide discovery." If Explore maintains a

GEICO-level report containing state-level rows or aggregate information from multiple states, producing that report requires no state-by-state collection. Indeed, filtering, redacting, or reprocessing it to isolate Florida-only information could impose more work than producing it as maintained. Plaintiff does not ask Explore to undertake that additional segregation. The Business Updates likewise identify reporting parameters for account, state, and RiskAlert period, further undermining the premise that an existing GEICO-level report necessarily entails a new manual state-by-state collection. *See* EXPLORE_000068–69.

GEICO's unilateral decision to limit its own discovery responses to Florida is an objection, not a judicial ruling defining the permissible scope of discovery, and the SAC pleads a nationwide class. Nothing in Rule 45 makes the geographic scope of nonparty discovery automatically coextensive with a party's unilateral production position. The relevant questions are relevance and proportionality, including the burden imposed on the nonparty. Where the requested information already exists in a centrally maintained GEICO-level report, the fact that it includes information from more than one state does not create a material incremental burden.

The Court therefore need not decide whether broader nationwide collection would ever be appropriate. It need only permit the Florida-focused production that makes up the balance of Plaintiff's request and the limited existing GEICO-level materials described above, in the form in which Explore already maintains them. That approach avoids both a nationwide collection exercise and any unnecessary effort to carve Florida data out of centrally maintained materials.

## Relief Requested

**<u>Explore's Requested Relief</u>:** Explore requests that the Court quash the Subpoena as to the requests that seek DPPA protected information, Explore's confidential commercial business information and information that can be obtained from GEICO. Explore further requests that the Court deem the Subpoena modified such that Explore's document production completes Explore's obligation under the Subpoena. To the extent the Court determines any portion of the Motion should not be granted, Explore requests that the Court address its additional objections raised in its Response to the Subpoena (Doc. No. 63-4) before requiring further production from Explore.

**<u>Plaintiff's Requested Relief</u>**: Plaintiff requests that the Court deny wholesale quashal and modify the subpoena to require the narrowed production identified in Dispute No. 1, subject to the limitations and protections described in Plaintiff's positions above. To the extent responsive materials contain personal information protected by the DPPA, Plaintiff requests that the Court expressly order production pursuant to 18 U.S.C. § 2721(b)(4), subject to the Confidentiality Agreement and any additional restrictions the Court deems appropriate, without requiring Explore to create redacted or anonymized derivative files unless the Court determines that additional protection is necessary. All other original requests are withdrawn from enforcement through this subpoena. Any materially different future discovery from Explore must proceed through a new Rule 45 subpoena.

Respectfully submitted,

**ONDERLAW, LLC**

*By: /s/ Jesse B. Rochman*

Martin L. Daesch, Admitted PHV
Jesse B. Rochman, Admitted PHV
110 E. Lockwood Ave.
St. Louis, MO 63119
Telephone: (314) 963-9000
Facsimile: (314) 963-1700
daesch@onderlaw.com;
rochman@onderlaw.com

Rachel Dapeer
**DAPEER LAW, P.A.**
***Lead Counsel for Plaintiff***
Florida Bar No. 108039
520 S. Dixie Hwy., #240
Hallandale Beach, FL 33009
Telephone: (954) 799-5914
Email: rachel@dapeer.com

*Attorneys for Plaintiff*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*By: /s/ Stacy M. Schwartz*
Kenneth J. Joyce (FBN 986488)
Ken.Joyce@lewisbrisbois.com
Stacy M. Schwartz (FBN 520411)
Stacy.Schwartz@lewisbrisbois.com
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090

*Attorneys for Non-Party Explore Information Services, LLC*

## Certificate of Service

We hereby certify that on September 16, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Stacy M. Schwartz*
Stacy M.Schwartz