**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALLISON KANE,

Plaintiff,

v. Case No.: 6:25-cv-00532-JSS-LHP

GEICO CASUALTY COMPANY,

Defendant.

---

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Seal Under Local Rule 1.11. Doc. No. 77. Upon consideration of the motion, the Court ordered the filing of memoranda in support by Defendant GEICO Casualty Company ("GEICO") and non-party Explore Information Services, LLC ("Explore"). *See* Doc. No. 78; *see also* Local Rule 1.11(c). GEICO and Explore timely-complied (Doc. Nos. 81, 82), and following review of all relevant filings, Plaintiff's Motion (Doc. No. 77) will be **GRANTED**.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable

presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

"Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions." *NXP B.V. v. Blackberry Ltd.*, No. 6:12-cv-498-Orl-YK-TBS, 2014 WL 12622459, at *2 (M.D. Fla. Mar. 17, 2014). "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'" *Romero*, 480 F.3d at 1246 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)). Therefore, "material filed

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Trib. Co.*, 263 F.3d at 1312.

Here, the motion to seal relates to a discovery dispute currently before the Court, *see* Doc. Nos. 63, 64, 67, 76, regarding a subpoena issued to Explore. In support of its position on the matter, Plaintiff wishes to file under seal DEF-0003070–3122 and EXPLORE_000037–000070, which are two versions of a November 2022 GEICO business-review/business-update presentation. Doc. No. 77. Both GEICO and Explore designated the materials "Confidential" under the parties' confidentiality agreement governing discovery in this case. *Id.* at 1.

In support of the motion, GEICO and Explore explain that the documents at issue contain nonpublic and highly sensitive information concerning Explore's services and the commercial relationship with GEICO, intended solely for review by Explore and GEICO; and both GEICO and Explore take measures to keep the nonpublic information, which includes customer-specific reporting metrics, business-review data, and other non-public commercial information concerning the business relationship, confidential. Doc. No. 81, at 3–4; Doc. No. 82, at 2, 4–5. Both also state that public disclosure would cause a clear and serious injury to their business interests. Doc. No. 81, at 4; Doc. No. 82, at 4–5.

Upon consideration, based on GEICO and Explore's explanations (Doc. Nos. 81, 82), and having considered Local Rule 1.11 and the Eleventh Circuit's standard for sealing, the Court finds good cause for sealing this information in resolution of the discovery dispute. *See generally Chicago Tribune Co.*, 263 F.3d at 1312 ("[M]aterial filed with discovery motions is not subject to the common-law right of access . . . ."). Accordingly, Plaintiff's motion (Doc. No. 77) is **GRANTED**. Absent further Order of the Court, the documents attached to Plaintiff's motion to seal (Doc. Nos. 77-1, 77-2), shall remain under seal for discovery purposes. *See* Doc. Nos. 63, 64, 76. This seal shall not extend beyond ninety (90) days after the case is closed and all appeals are exhausted. *See* Local Rule 1.11(e). The parties are advised that at any point in this litigation, the Court may revisit this ruling, if unsealing of the materials is deemed necessary.

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record